## COCA COLA CO. v. DIXI-COLA LABORATORIES, Inc.
### No. 198.

District Court, D. Maryland.
Nov. 29, 1939.

Brown & Brune, Hilary W. Gans, and Charles Ruzicka, all of Baltimore, Md., Hugh M. Morris, of Wilmington, Del., Nims & Verdi, of New York City, and Spalding, Sibley, Troutman & Brock, of Atlanta, Ga., for plaintiff.

J. S. Mead, of Birmingham, Ala., and W. Hamilton Whiteford, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

At the present state of the above case, a question of practice has arisen with regard to interrogatories by the defendant to the plaintiff after the pleadings have been completed. One question presented is whether the court has discretion to limit the interrogatories by one party to the other to a reasonable number. Another question is whether interrogatories can properly be maintained when they seek answers only with regard to details of evidence. Still another question is whether answers should be compelled to interrogatories which call for research work and compilation of data or statistics, which really constitute matters of evidence in support of affirmative defences.

The issues made by the pleadings in this case are neither unusual nor complex. The plaintiff is the holder of the well known trade mark "Coca Cola". See Coca-Cola Co. v. Koke Company of America et al., 254 U.S. 143, 41 S.Ct. 113, 65 L. Ed. 189. The suit is brought to enjoin infringement of this mark by the defendant in the use, among other names, of "Dixi-Cola"; and also for alleged unfair competition. The answer of the defendant among other defences alleges fraud on the part of the plaintiff in the registration of its trade mark many years ago, and oppressive litigation by it over a long period of years to maintain the mark and discourage competition, in the sale of somewhat similar beverages.

In aid of its defence the defendant has now served upon the plaintiff under rule 33 of the new rules of federal civil procedure, 28 U.S.C.A. following section 723c, 112 interrogatories to be answered by the plaintiff corporation or by its officers or representatives, many of which are subdivided, so that the total number of questions asked is 255, extending over 40 large typewritten pages. The plaintiff has answered all but about 40 of these, and has filed objections to the remainder. The questions and the answers thereto and the objections to others form a book extending over 82 typewritten pages. Counsel for both parties have been heard on the objections in oral argument for about three hours, and the examination of the pleadings and interrogatories and the objections and consideration of the numerous different points raised has occupied a much greater length of time. The question of practice therefore very naturally arises as to whether the large number of interrogatories in this case is reasonably consistent with the spirit and intent of the new federal rules of civil procedure (F.R.C.P.).

One important object of the new rules was to require simplicity and brevity in the pleadings, but with the most ample provision for facilities of discovery of facts before trial, so that surprise at the trial and possible miscarriage of justice thereby could be avoided. Prior to the adoption of the new rules federal procedure at law was largely lacking in legal machinery for the discovery of facts prior to the trial; and federal equity procedure provided in this respect only interrogatories under rule 58, and in connection with a bill of discovery. 28 U.S.C.A. following section 723. But the practice in many of the states had been liberalized and modernized in this respect, and it was one of the purposes of the F.R.C.P. to adopt the best of the modern English and state practices for discovery. To this end the F.R. C.P. now provides in rules 26 to 37, both inclusive, every facility by way of (a) depositions before and pending trial; (b) interrogatories to parties; (c) discovery and production of documents and things for inspection, copying or photographing; (d) physical and mental examination of

persons, and (e) admission of facts and genuineness of documents.

We are here concerned primarily with the procedure for development of facts prior to trial by the use of interrogatories provided for by rule 33. This practice has long been known in admiralty and was provided for by federal equity rule 58. It was, however, comparatively inefficient and cumbersome as a method of obtaining full discovery prior to trial. Influenced no doubt by the spirit of equity decisions in the earlier English practice, the scope of matters allowed to be inquired about by interrogatories had become much restricted by judicial decisions. Thus by many decisions only matters exclusively or peculiarly within the knowledge or control of the adverse party could be made the subject of interrogatories; and in other cases discovery was limited to "material or ultimate" facts, and not permitted as to merely evidentiary facts; and names and addresses of witnesses were generally excluded. In formulating the new rule 33, it was apparently the purpose of the Advisory Committee to the Supreme Court (as expressed by some of its members in explanation of the new rules at the Cleveland, Washington and New York Institutes) to omit all such restrictions on the scope of interrogatories, and to broaden the subject matter upon which the adverse parties could be interrogated to any facts which are *relevant* to the case, except as to questions which may be privileged. See Moore's Federal Practice, Vol. II, Ch. 33; Nichols v. Sanborn Co., D.C., 24 F.Supp. 908, 910; Babcock & Wilcox Co. v. North Carolina Pulp Co., D.C., 25 F.Supp. 596; Lanova Corp. v. National Supply Co., D. C.Pa., 29 F.Supp. 119; Landry v. O'Hara Vessels, Inc., D.C.Mass., 29 F.Supp. 423.

■ Despite the wide latitude of subject matter now permissibly embraced within the scope of interrogatories under rule 33, there are necessarily some implied and inherent limitations affecting proper practice regarding them. By the rule the interrogatories are required to be separately and fully answered in writing under oath and signed by the person making them within fifteen days after service; and objections thereto may be presented to the court within ten days. And by rule 37, on refusal to answer interrogatories without substantial justification "the court shall require the refusing party or deponent and the party or attorney advising the refusal

or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. If the motion is denied and if the court finds that the motion was made without substantial justification, the court shall require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney's fees." As the answer must be in writing under oath, and made within fifteen days, unless the time is expressly extended by court order, the necessary inference would seem to be that the party interrogated need only answer matters of fact within his knowledge, and this would seem to exclude the propriety of interrogatories which merely seek to elicit opinions, or which require research and compilation of data and information not readily known to the party interrogated; and of course only matters that are relevant to the particular case can properly be the subject of interrogatories.

■ It should also importantly be borne in mind that extensive examination of the adverse party by interrogatories is cumbersome and likely to prove inefficient, as compared with the now available method of taking his deposition. There is, therefore, now no further necessity under the F.R. C.P. to resort to interrogatories where an extended examination is desired. Cf. Pressed Steel Car Co. v. Union Pac. R. Co., D.C.N.Y., 241 F. 964, 967; Zolla v. Grand Rapids, etc., Corp., D.C.N.Y., 46 F. 2d 319, 320. See also 42 Yale Law Journal, 875, 876, where Prof. Sunderland in discussing the subject has this to say:

"In actual effectiveness interrogatories are far inferior to the oral examination. Their defects are quite obvious. In the first place, they give the party to whom they are addressed more time to study their effect, which furnishes a better opportunity to frame protective answers which conceal or evade. In the next place, as a means of forcing a specific, detailed and thorough disclosure from a reluctant party, there is a tendency for the interrogatories to grow in number, complexity and variety of form, so as to call for as many aspects of the proof as possible, with the result that they *often become difficult to administer.* Cases have been reported where more than two thousand interrogatories were employed.

*To meet this sort of abuse,* the questions must either be authorized by court order *or there must be an arbitrary limit to their number,* both of which methods of dealing with the matter are unsatisfactory.

\* \* \*

"In view of these limitations upon the effectiveness of written interrogatories, it is evident that they are not well adapted for the purpose of a general examination. *It is only when the facts sought are few, formal and isolated, that this method can be satisfactorily employed.* So long as the discovery is restricted to the case of the examiner, and he is not permitted to inquire into the case of his adversary, the facts sought by discovery will usually be few, formal and isolated, and written interrogatories will perhaps serve reasonably well. For a small task a feeble instrument may suffice. But if discovery is to involve a thorough inquiry into the vital and highly controversial phases of the case, resort must be had to an oral examination. It is apparent that the two aspects of the problem of discovery, namely its scope and its methods, are intimately connected. One depends to a considerable degree upon the other, and both should be dealt with together."

Experience in some recent cases in this court where interrogatories have been extensively used, strongly confirms the views expressed by Prof. Sunderland. Where the facts to be elicited are relatively few and important, whether ultimate facts or evidentiary facts, the legal machinery of interrogatories is a very useful, expeditious and inexpensive method; but where they are very numerous, as in this case, they tend to become unduly burdensome, oppressive and vexatious to the adverse party and difficult for the court to administer. So long as the interrogatories to be passed on by the court are comparatively few in number and relate to important or dominant facts or aspects of the case, it is not difficult for the trial judge to rule upon them intelligently; but when, as in this case, the number of questions is 255, and some 40 are objected to, the situation is quite different. At this preliminary stage of the case it is difficult for the trial judge to determine the relevancy of comparatively minor and subordinate evidentiary facts. Furthermore the procedure tends to be unnecessarily wasteful of judicial time. The judicial ruling upon the interrogatories themselves is not necessarily conclusive or even important in most cases as determinative of the issues in the case. The purpose of the interrogating party is to develop information or force admissions; but if the answers are not satisfactory or useful, the time spent in considering them and the objections thereto is generally wasted, since the answers do not become evidence in the case unless voluntarily introduced by the interrogator as admissions against interest on the part of the party interrogated.

These considerations tend to the view that the number of interrogatories should be relatively few and related to the important facts of the case, rather than very numerous and concerned with relatively minor evidentiary details. It is not proposed to lay down any general rigid or inflexible rule with regard to what number of interrogatories is proper, because cases must necessarily vary in their range of relevant facts. But in general it may be observed that it will be only the exceptional case where more than fifteen or twenty interrogatories can conveniently and efficiently be submitted. Where a more comprehensive examination of the adverse party is desired it should ordinarily be done by taking his deposition. If insistence is made upon answers to such a large number of interrogatories that they become unreasonably oppressive or vexatious, it would seem appropriate to impose costs in accordance with rule 37.

I proceed now to rule upon the several interrogatories objected to. In view of the large number involved it would be tedious and unduly protract the opinion to discuss them each separately. Where the objections are sustained the ground therefor is either because, so far as I can see at this stage of the case, the questions are irrelevant or unnecessarily burdensome upon the plaintiff in requiring investigation or research or compilation of data or statistics, which more properly is the province of counsel for the defendant, or for other reasons indicated in the objections specifically made by the plaintiff. In this connection it is noted that the plaintiff has presented its objections in the convenient form of a book in which the interrogatories are separately numbered and the answers are given in connection therewith, when answered, and in the case of those not answered the objections thereto are presented in red ink. The rulings on

the severally numbered questions where the objections are sustained or overruled, are as follows:

| No. of Interrogatory | Objection |
| --- | --- |
| 5(f) | Sustained |
| 14 | Sustained |
| 46 | Sustained |
| 46(a) | Sustained |
| 50(b) | Sustained |
| 51(d) | Sustained |
| 51(e) | Sustained |
| *54(f) | See infra |
| *55(d) | See infra |
| *55(f) | See infra |
| *56(a) | See infra |
| 57(f) | Overruled |
| *57(g) | See infra |
| *58(d) | See infra |
| *59(d) | See infra |
| *60(d) | See infra |
| 61(a) | Overruled |
| 61(b) | Overruled |
| 61(c) | Overruled |
| 61(d) | Sustained |
| 61(e) | Sustained |
| 62(a) | Overruled |
| 62(b) | Overruled |
| 62(c) | Sustained |
| 62(d) | Sustained |
| 63(a) | Sustained |
| 63(b) | Sustained |
| 64(a) | Sustained |
| 65(a) | Sustained |
| 66 | Sustained |
| 66(a) | Sustained |
| 66(b) | Sustained |
| 67 | Sustained |
| 68(c) | Sustained |
| 70 | Sustained |
| 76(a) | Sustained |
| 77 | Sustained |
| 78 | Sustained |
| 82(a) to (k) | Sustained |
| 83 | Sustained |
| 88 | Sustained |
| 96 | Sustained |

*With reference to interrogatories Nos. 54(f); 55(d); 55(f); 56(a); 57(g); 58(d); 59(d), and 60(d), a particular word should be said. In paragraph 25, and some following paragraphs of the complaint, allegations are made by the plaintiff with respect to acts of unfair competition. Thus paragraph 25 reads:

"On information and belief, the defendants named in paragraph 17 hereof, induced and encouraged bottlers to whom their bottling concentrate is sold to use on and in connection with the sale of bottled beverages manufactured by said bottlers, names which are confusingly similar to plaintiff's registered trade mark 'Coca Cola' and which are colorable imitations and infringements thereof."

Interrogatory 54(f) reads as follows:

"State the identity and address of all persons having knowledge of facts relevant to the allegations of said paragraph 25 of the complaint."

Similar interrogatories are propounded with regard to several subsequent paragraphs of the complaint. The form of this interrogatory seems objectionable, but if in substance it is meant to require only the name of bottlers, customers of the defendants, who are induced and encouraged to commit the alleged unfair competition, then to that extent the objections to this and the similar questions just enumerated are overruled.

Interrogatory No. 55(f) reads as follows:

"State the names and addresses of the witnesses upon whose testimony the plaintiff will reply in proof of the allegations of paragraph 28 of plaintiff's bill of complaint."

The form of this question is also objectionable. The plaintiff is not bound to limit itself in the introduction of testimony to certain named witnesses; that is to say, a bill of particulars of who the witnesses will be should not be required. If, however, by this question the defendant seeks merely information as to the names of bottlers or customers of the defendant known to the plaintiff in connection with the charge of unfair competition contained in paragraph 28 of the bill, then to that extent the objection is overruled.