## GRAVER TANK & MFG. CORPORATION v. JAMES B. BERRY SONS CO., Inc.

### No. 13.

District Court, W. D. Pennsylvania.

Feb. 8, 1940.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for plaintiff.

Frampton & Courtney, of Oil City, Pa., for defendant.

SCHOONMAKER, District Judge.

Defendant has filed interrogatories under Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiff has filed objection to answering certain of them, on the ground that the answers would not be material or relevant to any of the issues raised by the allegations of the complaint. The defendant has filed no answer, so we shall be unable to determine the precise relevancy of any of the matters inquired about, so far as concerns any defense the defendant may have to the plaintiff's cause of action, as stated in its complaint.

The plaintiff is claiming damages alleged to have arisen from the collapse of an iron tank erected by plaintiff for defendant on its land on a foundation for such tank prepared by defendant, it being alleged that the collapse of the tank was caused by negligence of the defendant in failing to furnish at practically ground level, foundations for such tank which were to be uniformly firm, free from defects, and which were to be kept free from water and in good condition during the erection of the tank, as provided for in the agreement of the parties.

■ Interrogatory I, A 3, asks plaintiff specifically to state and describe in detail: "3. any and all other details of fabrication which plaintiff claims was done or made in purported compliance with the contract plans and specifications alleged in the complaint;"

In the absence of any answer by defendant, we cannot see that these details of fabrication are relevant to any issue in the case.

■ We sustain the objection to this interrogatory. Interrogatory IV–16, asks plaintiff to give the exact location of the wooden horses which plaintiff located on the foundation of the tank with relation to the tank-bottom and in relation to the foundation. We cannot see the relevancy of this inquiry in view of the present state of the pleadings.

■ Interrogatory V–B asks for a statement in detail of the number of leaks and the location of each leak which appeared in the lower portion of the tank. Likewise in the case of this interrogatory, we cannot see its relevancy, and sustain the objection.

■ Interrogatory XI–A calls for the details of the injuries claimed to have been inflicted upon plaintiff's four employees. In view of the fact that plaintiff is claiming damages which include funeral expenses of

employees killed and expenses of medical attention to employees injured, this interrogatory would appear to be directed to a material matter. Plaintiff's objection will be overruled.

■ Interrogatory XVII, A, B, C, requests information as to the sale by plaintiff of the material which constituted the collapsed tank. This information the defendant is entitled to, and this interrogatory will be answered.

■ In relation to the interrogatories filed by the defendant in this case, we desire to note our view that they go somewhat beyond the scope intended by Rule 33. In this respect we find ourselves in accord with the views expressed by Chesnut, D. J., in Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 279, to the effect that the number of interrogatories should be relatively few and related to the important facts of the case rather than very numerous and concerned with relatively minor evidentiary details; and that, where a more comprehensive examination of the adverse party is desired, it should be ordinarily done by taking his deposition.

We have also concluded in this case that we should not have extended the time of defendant to answer the complaint in this case for a period of twenty days after answers to interrogatories have been filed. We now revoke our order of November 15, 1939, granting such extension and will allow defendant twenty days from the date of the order herein, in which to answer the complaint.