**BYERS THEATERS, Inc., v. MURPHY.**

District Court, W. D. Virginia, at Roanoke.

May 20, 1940.

Showalter, Parsons, Kuyk & Staples, of Roanoke, Va., and M. M. Heuser, of Norton, Va., for plaintiff.

Cocke, Hazlegrove & Shackelford, of Roanoke, Va., for defendants Paramount Pictures, Inc., and others.

Woods, Chitwood, Cox, Rogers & Muse, of Roanoke, Va., for defendants Mono-gram Pictures Corporation and Monogram Distributing Corporation.

John Strickler, of Roanoke, Va., for Republic Pictures Corporation.

L. P. Collins, of Marion, Va., for defendants, Charles C. Lincoln and others.

H. C. Bolling, of Norton, Va., for M. K. and Ada B. Murphy and Appalachian Theatres, Inc.

BARKSDALE, District Judge.

This is a civil action brought by plaintiff, Byers Theaters, Inc., which operates a motion picture theater in Norton, Virginia, and another in Appalachia, Virginia, against its competitor, W. K. Murphy, certain of his associates, and ten principal distributors of motion pictures such as Paramount Pictures, Inc., Twentieth Century-Fox Film Corporation, etc., alleging that defendants illegally combined and conspired to prevent plaintiff from competing with defendant Murphy in Appalachia by licensing all their commercially valuable pictures to defendant Murphy, and refusing to license any commercially valuable pictures to plaintiff, thus illegally creating a monopoly, in restraint of trade, in favor of defendant Murphy. The pleadings have been completed, and defendants have taken the deposition of Byers, president of plaintiff corporation.

The case now comes on plaintiff's motion under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that all the distributor defendants, such as Paramount Pictures, Inc., be required to produce certain documents, and upon the same defendants' objections to certain interrogatories served upon them by the plaintiff under the provisions of Rule 33 of the Federal Rules of Civil Procedure.

Plaintiff's motion for the production of documents is opposed by defendants only in that the scope of the motion transcends the bounds of relevancy in both time and geographical area, and further contends, that as to such contracts for the licensing of motion pictures as they may be required to produce, they should not be required to disclose the prices obtained for their product as, by their contention, this is confidential information in the nature of trade secrets.

Plaintiff alleges that it became the victim of defendants' monopolistic practices in the year 1938, and asks for production of the contracts between the defend-

ants since January 1, 1935. However, plaintiff's counsel in argument avow that defendants' monopolistic practices for the purpose of forestalling competition have been in existence at least as far back as January 1, 1935, and I think therefore that the contracts between defendants as far back as that date are relevant, and information contained therein might be admissible to show the knowledge, intent or purpose of the defendants in their transactions during the year 1938 et sequa.

■ Nor do I think that the prices, as shown by the contracts, partake of the nature of trade secrets or are confidential to such an extent as to give them any peculiar sanctity, and such prices may be quite relevant.

■ The only two towns directly involved in this litigation are Appalachia, Virginia, and Norton, Virginia, and I think that the transactions of defendants, or some of them, in other towns are irrelevant, similarity of conditions and circumstances not being shown to exist.

Therefore, as to plaintiff's motion for the production of documents: Paragraph 1, (a) and (b), will be allowed; paragraph 2, (a) and (b) will be allowed insofar as this paragraph applies to Norton, Virginia, and will be disallowed in its application to the other towns named; paragraph 3 of this motion requests the production of all writings discovered by the answers of defendants to the interrogatories filed simultaneously, and will be allowed as to all documents discovered by the interrogatories allowed.

The interrogatories filed are eight in number, one of them being divided into nine sections, making a total of sixteen separate interrogatories. Some of them are repetitive. In general terms, they call for: the names of all officers and agents of defendants whose regular duties included the licensing of motion pictures to the exhibitor defendants from January 1, 1935; the names of all agents since January 1, 1938, actually participating in such licensing; and all written communications or memoranda between the defendants and any other persons, and in some cases oral communications, having any bearing upon the charge of monopoly as alleged by plaintiff.

As the scope of the interrogatories here under consideration is quite broad, a consideration of Rule 33 of the Federal Rules of Civil Procedure in conjunction with Rule 26(a) and (b) is required. Undoubtedly, the distinguished draftsmen who drew Rule 33, and the courts which have construed it, meant to give it wide scope and eliminate technicalities which would unnecessarily limit its application.

■ The scope of the discovery under this rule is governed by Rule 26(b), the applicable portion of which is: "The deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *." Nichols v. Sanborn Co. D.C. Mass., 1938, 24 F.Supp. 908; Landry v. O'Hara Vessels, D.C., 29 F.Supp. 423.

■ In order that an interrogatory be proper, it is not necessary that it be previously determined that the answer thereto will be admissible in evidence. Sears, Roebuck & Co. v. Harrison, D.C. Ill., 1 F.R.D. 135. A general objection, that the interrogatories constitute a "fishing expedition", is of no avail. Laverett v. Continental etc., Co., Inc., D.C., 25 F.Supp. 80; Boysell Co. v. Hale, D.C., 30 F.Supp. 255.

In the case of Kingsway Press v. Farrell Pub. Corp., D.C., 30 F.Supp. 775, it is said: "To summarize: (one) the scope of discovery under Rule 33 may be as broad as the scope of examination by deposition as provided in Rule 26(b); (two) it is immaterial whether the matters are as much within the knowledge of the interrogating party as of the adverse party; (third) the disclosure sought is not limited to material or ultimate facts but extends to all facts, whether ultimate or evidentiary which are relevant (excepting matters which are privileged), and (fourth) interrogatories may obtain disclosure of names and addresses of witnesses. See Moore's Federal Practice under the New Federal Rules, Vol. 2, pp. 2609–2620."

■ A defendant may be required to give his recollection of an oral conversation which is relevant to the issue. F. & M. Skirt Co., Inc. v. Wimpfheimer & Bro., D.C., 25 F.Supp. 898.

It has been held that the scope of discovery by interrogatories is as broad as that by deposition, and anything that may be asked on oral examination may also be inquired into by interrogatories. Landry v. O'Hara Vessels, Inc., supra.

■ On the other hand, both law and reason dictate that the scope of interroga-

tories under the rule shall not be entirely without limitation. Judge Chesnut, in his illuminating opinion in Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 278, after discussing the purpose and the history of Rule 33, observes: "Despite the wide latitude of subject matter now permissibly embraced within the scope of interrogatories under rule 33, there are necessarily some implied and inherent limitations affecting proper practice regarding them."

The opinion further holds that interrogatories under Rule 33 are not suited for a "thorough inquiry into the vital and highly controversial phases of the case, * * *". Although in that case, 255 questions were asked, 215 were answered without objection, six more were required to be answered without modification, and several more, with modifications, were required to be answered, Judge Chesnut observed that they should usually only seek to discover facts, "few, formal and isolated", and generally speaking not more than 15 or 20 interrogatories should be submitted. For a more comprehensive examination of the adverse party, deposition should be resorted to.

Interrogatories calling for opinions are improper. Lanova Corp., etc. v. National Supply Co., D.C., 29 F.Supp. 119.

"While the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of opponent's preparation of his case. To use them in such a manner would penalize the diligent and place a premium on laziness. It is fair to assume that, except in the most unusual circumstances, no such result was intended." McCarthy v. Palmer, D.C., 29 F.Supp. 585, 586. See also Creden v. Central R. Co. of New Jersey, D.C., 1 F.R.D. 168.

See also Graver Tank, etc., Corp. v. James B. Berry Sons Co., D.C., 1 F.R.D. 163, 165, where it was said: "In relation to the interrogatories filed by the defendant in this case, we desire to note our view that they go somewhat beyond the scope intended by Rule 33. In this respect we find ourselves in accord with the views expressed by Chesnut, D. J., in Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F. Supp. 275, 279, to the effect that the number of interrogatories should be relatively few and related to the important facts of

the case rather than very numerous and concerned with relatively minor evidentiary details; and that, where a more comprehensive examination of the adverse party is desired, it should · be ordinarily done by taking his deposition."

It is also obvious that one party should not be allowed to require another to make investigation, research or compilation of data or statistics for him which he might equally as well make for himself, Coca Cola Co. v. Dixi-Cola Laboratories, supra, and it would seem to contravene the provisions of the Fifth Amendment, prior to an adjudication of liability, to require a party to incur expense greater than that ordinarily incident to the prosecution or defense of a suit. Nor does it seem fair or proper to me to allow one party to pry into and discover the results of conferences and communications between counsel for and agents of a party, or parties similarly situated, after the institution of suit and in preparation for trial.

Coming now to apply the principles indicated above to the situation here presented, the action of the Court will be as follows:

Interrogatories No. 1 and No. 2, call for the names and addresses of certain designated agents of defendant corporations who have, or might have, knowledge of the transactions here involved. The objections to these two interrogatories will be overruled.

Interrogatory No. 3 is divided into subsections, (a) to (i), inclusive. This interrogatory, broadly speaking, calls for the production of letters, telegrams, inter-office memoranda, or written communications of any kind, between defendants' agents and any other person or persons (except plaintiff and its agents) containing information bearing on the charge of monopoly. In the preparation of their defense of this action, no doubt each defendant has had conferences and written communications with its attorneys, and, no doubt, conferences and written communications between its agents. I do not think such communications in this case are the proper subject of interrogatories, and each subdivision of this interrogatory will be limited in time to the time of the institution of this suit. Subject to this limitation, the objections to interrogatory No. 3, subsections (a), (b), (c), (d), (e), and (f), will be overruled; subsections (g) and (h)

will be limited to statements, etc., "made since January 1, 1935", and with this limitation imposed, the objections thereto will be overruled; and subsection (i) will be limited to statements, etc., in regard to the "New Norton" in Norton, Virginia, it being the opinion of the Court that statements in regard to the other theaters in other towns named in this paragraph are irrelevant, and as thus limited, the objections to this paragraph will be overruled.

The objection to interrogatory No. 4 will be overruled.

The objection to interrogatory No. 5 will be sustained, as the interrogatory is now expressed, for the reason that it is too vague and imposes an unreasonable burden upon the defendants. If plaintiff wishes to specify the motion pictures it contends were offered by defendants to it and later sold to other theaters in nearby towns at a price 20% or less than the price proposed to it, it may specify the names of the pictures, the prices at which they were offered to plaintiff, and the approximate date of offering, and then interrogate as to the disposition by defendants of such pictures within a reasonable time after such offering.

Interrogatory No. 6 was objected to upon the ground of vagueness and failure to give defendants information in possession of the plaintiff which would enable defendants to answer the interrogatory. Interrogatory No. 6 has been amended and redrawn as interrogatory No. 6, subsection a and subsection b. The objection to interrogatory No. 6, amended and reframed as interrogatory No. 6, a and b, will be overruled.

Interrogatories 7 and 8 will be limited in time to the time of the institution of this action, for the reasons stated above. As thus limited, the objections to these interrogatories will be overruled.

In this case, the defendants are numerous, their agents are to some extent scattered, and defendants' agents and their counsel are located in cities some distance apart. The interrogatories which will be allowed, while they do not call for the compilation of any data or statistics, do call for a considerable amount of information and will require careful conferences and study of files. I am therefore of the opinion that the defendants should have thirty days, from the date of the entry of the order carrying out the views herein expressed within which to obey the order to produce documents and to answer the interrogatories allowed.

An order will be drawn carrying out the provisions of this opinion.