### NEW ENGLAND TERMINAL CO. v. GRAVER TANK & MFG. CORPORATION.

#### No. 2660.

District Court, D. Rhode Island.

Aug. 22, 1940.

William A. Gunning, Albert A. Baker, and Charles P. Sisson, all of Providence, R. I., for plaintiff.

Henry C. Hart, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This is an action of trespass on the case for negligence which was commenced in this court on November 4, 1933. The plaintiff is claiming damages alleged to have arisen from the collapse of a circular metal storage tank, designed to contain a large amount of liquids, including petroleum products, erected by the defendant on land adjoining and lying, to wit, north of the premises of the plaintiff. It is alleged that the tank collapsed by reason of some defect or defects therein caused by careless and negligent construction thereof by the defendant and after the defendant had placed about 80,000 barrels of water in it.

Three amended declarations and a substituted amended first count of the third amended declaration have been filed. The defendant has filed at least two motions for bills of particulars and the plaintiff has filed a bill of particulars; an amended bill of particulars; a supplement to plaintiff's amended bill of particulars and a further supplement to plaintiff's amended bill of particulars.

The case has been before the court on numerous questions over a period of nearly seven years and the pleadings are voluminous. The matter now comes before the court on the plaintiff's objection to interrogatories addressed by the defendant to the plaintiff required to be answered in writing under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c.

The court heard arguments on the plaintiff's objection to the interrogatories of the defendant. The plaintiff contends that much of the information sought by the interrogatories has been furnished in its bills of particulars, that certain interrogatories require extensive and voluminous description which should not be allowed by interrogatories, that others are not relevant to the issues in the case, and that the number is so great and the details so in-

volved that they do not come within the scope of interrogatories and that the defendant should take steps under Rule 26, F. R.C.P.

At the hearing the defendant agreed that interrogatory V–J might be stricken. The defendant admitted that in interrogatory III–2 the words "in detail" might be deleted and that it is not pressing IV–A or IV–K, and that in V–B the word "approximate" might be substituted for the word "exact".

▇ The question confronting the court in this particular case, having due regard to the length of time this case has been pending before the court, the fact that the pleadings have been completed, the large number of interrogatories, the details of evidence which they seek to have answered separately and fully in writing under oath by an officer of the plaintiff corporation, nearly seven years after the matter complained of, is whether upon objection to the interrogatories the court should find that they are being utilized to discover matters which can be better or more conveniently discovered by oral examination, it may order that the discovery be had only by taking the objecting party's depositions upon oral examination. Moore's Federal Procedure under the New Federal Rules, Vol. 2, p. 2619.

▇ In Coca Cola Co. v. Dixi-Cola Laboratories, D. C., 30 F.Supp. 275, 277, in a learned opinion by Judge Chesnut, we read:

"One important object of the new rules was to require simplicity and brevity in the pleadings, but with the most ample provision for facilities of discovery of facts before trial, so that surprise at the trial and possible miscarriage of justice thereby could be avoided. * * *

"Despite the wide latitude of subject matter now permissibly embraced within the scope of interrogatories under rule 33, there are necessarily some implied and inherent limitations affecting proper practice regarding them. By the rule the interrogatories are required to be separately and fully answered in writing under oath and signed by the person making them within fifteen days after service; and objections thereto may be presented to the court within ten days. And by rule 37, on refusal to answer interrogatories without substantial justification 'the court shall require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. If the motion is denied and if the court finds that the motion was made without substantial justification, the court shall require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney's fees.' As the answer must be in writing under oath, and made within fifteen days, unless the time is expressly extended by court order, the necessary inference would seem to be that the party interrogated need only answer matters of fact within his knowledge, and this would seem to exclude the propriety of interrogatories which merely seek to elicit opinions, or which require research and compilation of data and information not readily known to the party interrogated; and of course only matters that are relevant to the particular case can properly be the subject of interrogatories.

"It should also importantly be borne in mind that extensive examination of the adverse party by interrogatories is cumbersome and likely to prove inefficient, as compared with the now available method of taking his deposition. There is, therefore, now no further necessity under the F.R.C.P. to resort to interrogatories where an extended examination is desired. Cf. Pressed Steel Car Co. v. Union Pac. R. Co., D.C.N.Y., 241 F. 964, 967; Zolla v. Grand Rapids, etc., Corp., D.C.N.Y., 46 F. 2d 319, 320. See also 42 Yale Law Journal, 875, 876, where Prof. Sunderland in discussing the subject has this to say:

" 'In actual effectiveness interrogatories are far inferior to the oral examination. Their defects are quite obvious. In the first place, they give the party to whom they are addressed more time to study their effect, which furnishes a better opportunity to frame protective answers which conceal or evade. In the next place, as a means of forcing a specific, detailed and thorough disclosure from a reluctant party, there is a tendency for the interrogatories to grow in number, complexity and variety of form, so as to call for as many aspects of the proof as possible, with the result that they often become difficult to administer. Cases have been reported where more than two thousand interrogatories were employed. To meet this sort of abuse, the questions must either be authorized by court order

or there must be an arbitrary limit to their number, both of which methods of dealing with the matter are unsatisfactory. * * *

" 'In view of these limitations upon the effectiveness of written interrogatories, it is evident that they are not well adapted for the purpose of a general examination. It is only when the facts sought are few, formal and isolated, that this method can be satisfactorily employed. So long as the discovery is restricted to the case of the examiner, and he is not permitted to inquire into the case of his adversary, the facts sought by discovery will usually be few, formal and isolated, and written interrogatories will perhaps serve reasonably well. For a small task a feeble instrument may suffice. But if discovery is to involve a thorough inquiry into the vital and highly controversial phases of the case, resort must be had to an oral examination. It is apparent that the two aspects of the problem of discovery, namely its scope and its methods, are intimately connected. One depends to a considerable degree upon the other, and both should be dealt with together.'

"Experience in some recent cases in this court where interrogatories have been extensively used, strongly confirms the views expressed by Prof. Sunderland. Where the facts to be elicited are relatively few and important, whether ultimate facts or evidentiary facts, the legal machinery of interrogatories is a very useful, expeditious and inexpensive method; but where they are very numerous, as in this case, they tend to become unduly burdensome, oppressive and vexatious to the adverse party and difficult for the court to administer. So long as the interrogatories to be passed on by the court are comparatively few in number and relate to important or dominant facts or aspects of the case, it is not difficult for the trial judge to rule upon them intelligently; but when, as in this case, the number of questions is 255, and some 40 are objected to, the situation is quite different. At this preliminary stage of the case it is difficult for the trial judge to determine the relevancy of comparatively minor and subordinate evidentiary facts. Furthermore the procedure tends to be unnecessarily wasteful of judicial time. The judicial ruling upon the interrogatories themselves is not necessarily conclusive or even important in most cases as determinative of the issues in the case. The purpose of the interrogating party is to develop information or force admissions; but if the answers are not satisfactory or useful, the time spent in considering them and the objections thereto is generally wasted, because the answers do not become evidence in the case unless voluntarily introduced by the interrogator as admissions against interest on the part of the party interrogated.

"Those considerations tend to the view that the number of interrogatories should be relatively few and related to the important facts of the case, rather than very numerous and concerned with relatively minor evidentiary details. It is not proposed to lay down any general rigid or inflexible rule with regard to what number of interrogatories is proper because cases must necessarily vary in their range of relevant facts. But in general it may be observed that it will be only the exceptional case where more than fifteen or twenty interrogatories can conveniently and efficiently be submitted. Where a more comprehensive examination of the adverse party is desired it should ordinarily be done by taking his deposition. If insistence is made upon answers to such a large number of interrogatories that they become unreasonably oppressive or vexatious, it would seem appropriate to impose costs in accordance with rule 37."

We concur with the views expressed by Judge Chesnut.

In the case of Graver Tank & Mfg. Corporation v. James B. Berry Sons Co., Inc., D. C., 1 F.R.D. 163, 165, the court said: "In relation to the interrogatories filed by the defendant in this case, we desire to note our view that they go somewhat beyond the scope intended by Rule 33. In this respect we find ourselves in accord with the views expressed by Chesnut, D. J., in Coca Cola Co. v. Dixi-Cola Laboratories, D. C., 30 F.Supp. 275, 279, to the effect that the number of interrogatories should be relatively few and related to the important facts of the case rather than very numerous and concerned with relatively minor evidentiary details; and that, where a more comprehensive examination of the adverse party is desired, it should be ordinarily done by taking his deposition."

In the instant case there are five interrogatories to be answered by the plaintiff corporation or by its officers or representatives and these are subdivided so

that the total number of questions asked is approximately 68.

We cite one of the interrogatories, IV–D, as follows:

"Describe in detail the alleged 'buildings' on plaintiff's premises November 1, 1933 and in particular specify:

"1. the size of each building;

"2. the place or point of location of each building on plaintiff's premises;

"3. the kind of materials used in the construction of each building;

"4. the date of construction of each building;

"5. the construction cost of each building;

"6. the use or purpose of each building."

It is our opinion that the interrogatories are being utilized to discover matters which can be better and more conveniently discovered by oral examination and an order may be entered that the discovery be had only by taking the plaintiff's deposition upon oral examination.

The objection of the plaintiff is sustained.