## STEWART-WARNER CORPORATION v. STALEY.

### No. 3342.

District Court, W. D. Pennsylvania.

Nov. 21, 1941.

See, also, 42 F.Supp. 140.

Warren C. Horton and Williams, Bradbury & Hinkle, all of Chicago, Ill., and

200

David Bollinger and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for plaintiff.

Leonard L. Kalish, of Philadelphia, Pa., Elder W. Marshall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

The plaintiff filed a motion for a bill of particulars as to the matters alleged in the counterclaim. To this the defendant responded by filing a bill of particulars on January 12, 1941, and a further amended counterclaim on April 1, 1941. In these we believe defendant has alleged its counterclaim with sufficient particularity. This motion will therefore be denied.

The interrogatories to which plaintiff objected we find are thirty-three in number, and relate largely to matters that could more properly and conveniently be inquired into by oral examination. We expressed our view on this matter in Graver Tank & Mfg. Corporation v. James B. Berry Sons Co., Inc., D.C., 1 F.R.D. 163, 165. See, also, Byers Theaters, Inc., v. Murphy, D.C., 1 F.R.D. 286, 288; New England Terminal Co. v. Graver Tank & Mfg. Corp., D.C.R.I. 1940, 1 F.R.D. 411; Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C., 30 F. Supp. 275.

In addition, the interrogatories that relate to the counterclaim are at least premature, and should not be answered until an issue is raised by the pleadings on the subject matter of the counterclaim.

We therefore will sustain the objections to the interrogatories at this time without prejudice to the right of the defendant to renew them, in event an oral examination of plaintiff's officers does not further the required information.