**HARTFORD-EMPIRE CO. v. GLENSHAW GLASS CO., Inc.**

No. 1650.

District Court, W. D. Pennsylvania.

Oct. 13, 1943.

See, also, 47 F.Supp. 711; 3 F.R.D. 50.

Albert C. Hirsch and Hirsch, Shumaker & Bash, all of Pittsburgh, Pa., for plaintiffs.

Max Swiren, of Chicago, Ill., Wm. B. Jaspert, of Pittsburgh, Pa., and Herbert Portes, of Chicago, Ill., for defendants.

SCHOONMAKER, District Judge.

Plaintiff has addressed fifty-one interrogatories to the defendant in this case for answer under the provisions of Rule 33 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c. It may be noted that interrogatory 1 has twenty-eight subdivisions.

■ We have held, in considering interrogatories under this rule, that they should be relatively few and related to the important facts of the case. See Graver Tank & Mfg. Co. v. James B. Berry Sons Co., D.C., 1 F.R.D. 163, 165; Stewart-Warner Corporation v. Staley, D.C., 2 F.R.D. 199, 200; Knox v. Alter, D.C., 2 F.R.D. 337; Coca-Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 279.

The interrogatories filed by the plaintiff are very sweeping in character, and cover a large number of minor evidentiary details relating to the conspiracy charged in the counterclaim, requiring specifically and in detail every minute element of this alleged conspiracy.

■ It is apparent to us that the interrogatories submitted in this case involve a thorough inquiry into the vital and highly controversial phases of this case. And in such a situation we are of the opinion that resort should be had to an oral examination of witnesses. Such procedure is authorized by Rule 26 of the Rules of Civil Procedure.

■ Defendant also suggests that plaintiff was a party-defendant to a suit in the Northern District of Ohio, Western Division, i. e., United States v. Hartford-Empire Co. et al., 46 F.Supp. 541, in which the plaintiff in the instant case and others were held to be guilty of violating Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, and Section 4 of the Clayton Act, 15 U.S.C.A. § 15; that the decree in said case and the findings of fact therein constitute prima facie evidence against the plaintiff in the instant case, and make it unnecessary to answer the interrogatories dealing with the unlawful acts and conduct of the plaintiff in the instant case.

Therefore, the defendant's objections to these interrogatories will be sustained.

In addition, we note what we consider valid objections to certain specific interrogatories, i. e.;

(1) Interrogatories 6, 13, 15, 26, 37, 41(a), 42, and 43. These interrogatories deal with alleged unlawful acts and conduct of the plaintiff in violation of the Sherman and Clayton Acts. Those acts and that conduct were dealt with by the District Court of the Northern District of Ohio, Western Division, in United States v. Hartford-Empire Co. et al., 46 F.Supp. 541, to which action plaintiff was a party. Certainly there is no need to inquire of the plaintiff in the instant case as to matters occurring in that case, or the findings of the court therein.

■ 2. Interrogatories 26, 27, 28, 29, 39, 40, 42, 44, 45, 46, 48, and 49, as they are unnecessarily burdensome, requiring research and compilation of data and statistics. See Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 279.

3. Interrogatories 37, 38, 40, 45, 46 and 49 are too general and all inclusive in their inquiries. See Auer v. Hershey Creamery Co., D.C., 1 F.R.D. 14, 15.

4. Interrogatories 14, 41(b), 42(1) and 43 are objectionable, in that they are asking for conclusions of law and opinions.

5. Interrogatories 8, 10, 28, 29 and 48 are not material to any issue in this case.

Defense counsel may submit an order sustaining defendant's objections to plaintiff's interrogatories on notice to opposing counsel.