**BALL v. PARAMOUNT PICTURES, Inc., et al.**

Civ. A. No. 2963.

District Court, W. D. Pennsylvania.

Nov. 27, 1944.

See, also, D.C., 57 F.Supp. 505.

Jos. W. Henderson and Rawle & Henderson, all of Philadelphia, Pa., and Roy G. Bostwick, Leo W. Eckels, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for complainants.

James J. Leyden, Bernard G. Segal, and Schnader, Kenworthey, Segal & Lewis, all of Philadelphia, Pa., for Paramount Pic-

tures, Inc., Paramount Film Distributing Corporation, RKO Radio Pictures, Inc., and Twentieth Century-Fox Film Corporation.

Jas. H. Beal, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for Pennware Theatre Corporation.

John G. Buchanan and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for Loew's, Inc.

SCHOONMAKER, District Judge.

This is a suit under the Sherman and Clayton Anti-Trust laws, in which plaintiff is seeking: (1) Treble damages (15 U.S.C.A. § 15); and (2) injunctive relief (15 U.S.C.A. § 26).

Briefly stated, the amended complaint alleges that plaintiff is the owner of premises in Ambridge, Pennsylvania, in this District, on which is located a motion-picture theatre known as "Penn Theatre"; that this theatre was under lease (by agreement dated May 22, 1939, and expiring April 30, 1944) to the Pennware Theatre Corporation, of which corporation, defendant Paramount Pictures, Incorporated, and defendant Notopoulos, each owns fifty percent of the stock; that for many years past, the Penn Theatre enjoyed first-run exhibition of all the product of defendant Paramount Pictures, Inc., and one-half of the product of defendant R. K. O. Radio Pictures, Inc., Loew's Incorporated, and Twentieth Century-Fox Film Corporation; that in anticipation of the termination of the lease for the premises so occupied by Pennware Theatre Corporation, the Paramount defendants entered into a conspiracy to destroy the value and productive possibilities of said theatre, and to deprive it of the film product of Paramount defendants, and other motion-film distributing defendants, on the first run of films which that theatre enjoyed when it was under lease to the Pennware Theatre Corporation. The complaint further alleges that, to carry out this plan, the Paramount defendants, while removing from plaintiff's building on or about April 30, 1944, maliciously damaged said building for the purpose of delaying the further use of said building as a theatre; and that although said building has now been repaired and re-equipped, Paramount and other distributor defendants have refused to license any of their films for first-run exhibition at the Penn Theatre.

Plaintiff has filed a large number of interrogatories under Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, addressed to each of the corporate defendants. Some of these defendants are willing to answer. The rest of the defendants object to answering.

We have had occasion to construe this rule several times, and have heretofore held that the number of interrogatories filed under this rule should be relatively few and related to the important facts of the case rather than very numerous and concerned with relatively minor evidentiary details; and that when a more comprehensive examination of the adverse party is desired, it should ordinarily be done by taking his deposition. See Graver Tank & Mfg. Co. v. James B. Berry Sons Co., D.C., 1 F.R.D. 163, 165; Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 4 F.R.D. 210; Stewart-Warner Corporation v. Staley, D.C., 2 F.R.D. 199; Knox v. Alter, D.C., 2 F.R.D. 337.

Judge McVicar of this court has also made a like ruling in Chemical Foundation v. Universal-Cyclops Steel Corporation, 1 F.R.D. 533. See also similar rulings by other courts: Checker Cab Mfg. Corp. v. Checker Taxi Co., D.C., 2 F.R.D. 547; Brightwater Paper Co. v. Monadnock Paper Mills, D.C., 2 F.R.D. 547; Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F. Supp. 275.

With this preliminary statement we take up consideration of the interrogatories propounded to the several defendants.

I. Interrogatories propounded to Paramount Pictures, Inc., and Paramount Film Distributing Corporation.

These interrogatories are forty-three in number. Of these, 1 to 7, inclusive, 11, 15, and 22 are not objected to and will be answered within twenty days from the date of filing this opinion.

As to interrogatories 8, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 23, 24, 25, 34, 36, 37, 38, 39, 41, 42, relating to the operations of these defendants all over the United States, and to the financial details of such operations, we cannot see that the matters inquired about are material to any possible issue in this case. We are concerned here only with questions of whether or not plaintiff, as the owner of the Penn Theatre building, is now entitled to the first run of motion-picture films which that theatre enjoyed when it was being operated

by defendant Pennware Theatre Corporation under lease which expired April 30, 1944.

In addition, Fred Mohrhardt, Comptroller of Paramount Pictures, Inc., has filed an affidavit in which he states that to compile the information required, would cost $100,000, and entail the work of eight men at eight hours a day for two years. It seems unreasonable to impose such a burden on these defendants. If it is of any evidential importance in this case, plaintiff already has on record that the defendant Paramount Pictures, Inc., owns, or is interested in, eleven hundred and fifty theatres in the United States.

As to interrogatories 26, 27, 29, 30, 31, 32, 33, 35 and 43, relating to theatre operations of these defendants at Ambridge, they may have evidential bearing upon the issues in this case and will be answered.

As to interrogatory 40 calling for gross annual receipts of these defendants at the Penn Theatre in Ambridge, it may have evidential importance, if we find that plaintiff is entitled to recover damages; but until, and if, we so find, we will not require an answer to this interrogatory.

II.   Interrogatories propounded to R. K. O. Radio Pictures, Inc.

These interrogatories are forty in number. 1 to 7 are not objected to and will be answered. The balance are all objected to.

Interrogatories 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 34, 35, 36, dealing generally with the operations of this company all over the United States, we do not regard as material to any issues in this case. Objections thereto will be sustained.

Interrogatories 26, 27, 28, 29, 30, 31, 32, 33, relating to theatre operations in Ambridge, Pennsylvania, may be relevant to the issues of this case and will be answered.

Interrogatory 37, relating to film rental at Penn Theatre, may be material if we find plaintiff is entitled to recover damages in this case. Until that time it need not be answered.

III.   Interrogatories propounded by plaintiff to Twentieth Century-Fox Film Corporation.

Interrogatories 1 to 7, inclusive, 15, 22, 23, and 36, are not objected to, and will be answered.

Interrogatories 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 24, 25, 34, 35, 36, 40, relating to operations of this defendant all over the United States, we do not regard as material to any issue in this case. Objections thereto will be sustained.

Interrogatories 26, 27, 28, 29, 30, 31, 32, 33, 38, relating to operations at Ambridge, Pennsylvania, may be material and will be answered.

Interrogatory 37, relating to film rentals at the Penn Theatre, may be material, if and when we find the plaintiff is entitled to recover damages in this case. If we do, this defendant will be required to answer this interrogatory.

IV.   Interrogatories propounded to Loew's Incorporated.

Interrogatories 1 to 11, inclusive, 14 to 22, inclusive, 26 to 31, inclusive, and 33 to 41, inclusive, are not objected to and will be answered by this defendant.

Interrogatories 12, 13, 23, 24, 25 and 32 are not material to any issue in this case. Objections thereto will be sustained.

V.   Interrogatories propounded to defendant Pennware Theatre Corporation.

Interrogatories 1 to 7, inclusive, 13, 16 (a), 16(e), 19, 20, 21, 22, 23, 24, 25, are not objected to and will be answered.

Interrogatories 8, 9, 10, 11, 12, 14, 15, 16 (b), 16(c), 16(d), 17, 18, and 26.

This defendant withdraws its objections to interrogatories 8, 9, and 10, which deal with companies and theatres operated by this defendant, or with which it is affiliated, or in which it has an interest, in view of the fact that answers to these interrogatories have already been given by testimony taken at the hearing on plaintiff's motion for a preliminary injunction; and they will be answered.

Interrogatory 11 requests the total annual film rentals for the preceding five-year period paid by this defendant and its affiliates to all film companies.

Interrogatory 12 seeks the breakdown of these annual film rentals with respect to each company.

We cannot see how the facts sought by these interrogatories are in any manner relevant to the issues in this case; i. e., the existence of the conspiracy charged in the complaint. The only basis on which the facts sought might be relevant would be on the matter of computing damages. If

we come to that point in the case, we will further consider these interrogatories.

Interrogatories 14, 15, 26, call for the gross receipts beginning May 1943, and ending April 30, 1944, and also the net annual profits paid to Paramount Pictures, Inc., during the past five years. The only basis on which the facts sought by these interrogatories might be relevant would be in the matter of computing damages. If we come to that phase of the case, we will further consider these interrogatories.

Interrogatories 16(b), 16(c), and 16 (d) request the terms of all contracts entered into by this defendant for the exhibition of motion pictures at the Penn Theatre, the run given, and the film rentals paid. If these contracts are of evidential timber, they should be subpoenaed. At any rate, we do not see how they are of evidential value and relevant to any possible issue in this case. The film rentals paid thereon would be of no evidential value, unless we conclude that plaintiff is entitled to recover damages for the loss of first-run rights on pictures to be exhibited at this theatre. The objection to these interrogatories will be sustained.

Interrogatory 17. This interrogatory relates to the run and clearance provisions of all film contracts for a ten-year period. We cannot see how the information requested is of any evidential value in this case. If this matter is of any evidential importance, it could only be the run and clearance rights enjoyed by this defendant at the time it vacated plaintiff's theatre. The objection will be sustained.

Interrogatory 18. This interrogatory requests a statement of what representations were made by this defendant to the War Production Board with respect to the need of any additional theatre in Ambridge. Those representations, if any were made, would be of no evidential value in this case. The plaintiff and this defendant were unable to agree on rentals for renewal of the lease for this theatre building; and this defendant's right to occupy this theatre expired April 30, 1944. The objection to this interrogatory will be sustained.

In the instances where we have overruled objections to interrogatories, the answers thereto will be filed within twenty days from the date of filing this opinion.

Interested parties may submit orders on notice to opposing counsel.