**BROWNING KING CO. OF NEW YORK, Inc., v. BROWNING KING & CO., Inc., et al.**

**Civil Action No. 2420.**

District Court, E. D. Pennsylvania.

June 28, 1946.

Bernard Eskin, of Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., for plaintiff.

Frank Fogel and Caesar & Rivise, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

Defendants objected to eight of sixteen interrogatories propounded by plaintiff under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action was brought to restrain defendants from using certain trade-marks and trade-names allegedly owned by plaintiff, and from engaging in certain unfair trade practices causing injury to plaintiff.

Plaintiff has taken extensive depositions on several occasions. By agreement of counsel plaintiff submitted several interrogatories covering matters which defendant Benjamin Wilkes was unable to answer at the taking of depositions because the information was available only in the records of the corporate defendant.

The interrogatories to which objections are taken are as follows:

"8. State the names and addresses of all persons, firms and corporations who or which, from the incorporation of Browning King & Co., Inc. to the present, pur-

chased clothing from Browning King & Co., Inc. in bulk and for resale.

"9. Did the purchasers in all cases referred to in the preceding interrogatory pay for the clothing purchased, the same price or prices charged to and paid by retail customers purchasing clothing of the same types for their own use; if not, who were the purchasers for resale who did not pay the same prices for the same types of clothing as charged to and paid by retail customers purchasing for their own use; and what were the prices paid by such purchasers for resale for each type of clothing so sold?

"10. What was the total amount in dollars of sales to purchasers who purchased clothing from Browning King & Co., Inc. in bulk and for resale in each of the calendar years 1940 to 1945 inclusive?

"11. What was the total volume of sales in dollars of Browning King & Co., Inc. in each of the calendar years 1940 to 1945 inclusive?

"13. What was the total amount of all sales in dollars by Browning King & Co., Inc. to the store in Miami Beach, Florida, known as "St. George", from the time that Browning King & Co., Inc. began to sell to said store to the present time; and what were the prices charged for each type of garment sold or delivered to said store?

"14. What was the total amount of all sales in dollars by Browning King & Co., Inc. to the store in St. Petersburg, Florida, known as "Stanley's", from the time that Browning King & Co., Inc. began to sell to said store to the present time; and what were the prices charged for each type of garment sold or delivered to said store?

"15. Submit as exhibits the form or forms of letters which were sent to wholesale customers informing them that they must sell Browning King clothing at the nationally advertised prices.

"16. Give the names and addresses of the wholesale customers to whom letters in the form referred to in the preceding sentence were sent."

Defendants contend that the interrogatories are immaterial and irrelevant and are purely an attempt to obtain details about defendants' business under the guise of a suit based on a trade-mark infringement. In making this argument defendants ignore the portion of the complaint where plaintiff alleges that defendants are engaging in an alleged unfair trade practice by not maintaining "fixed price brands" causing loss of good will and loss of revenue to plaintiff. In the depositions defendant Benjamin Wilkes testified that defendants advertised that they were selling merchandise at "factory prices" in their retail outlets which were lower than "nationally advertised prices" at which independent retailers who purchased the merchandise from defendants sold the garments. The deponent justified this practice by testifying that defendants' garments are in fact sold to retailers and that as a manufacturer it was selling the same products through its own retail outlets at a lower "factory price." If defendants are unable to prove the truth of this position, they are obviously engaging in a trade practice injurious to plaintiff, who is marketing garments under the same trade name.

The interrogatories in question are designed to develop information as to the alleged sales of merchandise to independent retailers by defendants. This information is relevant to one of the issues raised by the complaint and answer and the deposition of defendant Benjamin Wilkes. The interrogatories are relevant to the subject matter of the suit and are therefore unobjectionable. Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C.Md., 30 F.Supp. 275.

Defendants' objections to the interrogatories are denied.