## CAPLIN v. UNITED FEATURE SYNDI-CATE, Inc., et al.

United States District Court
S. D. New York.

Aug. 9, 1948.

Poletti, Diamond, Freidin & Mackay, by Sidney A. Diamond and Robert Eisner, all of New York City, for plaintiff.

De Witt, Van Aken, Nast & Chapman, by C. Coudert Nast, all of New York City, for defendants.

BONDY, District Judge.

■ Since the plaintiff must establish, if he can, his alleged claims by documents, most of which are in the possession of the defendants, he has shown the required "good cause" for the production and inspection of all documents under the defendants' control which constitute or contain any evidence relative to the subject matter involved, whether or not they will be admissible at the trial, if the same appear to be reasonably calculated to lead to the discovery of admissible evidence. See Rules 34, 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The fact that the plaintiff can not recover on a claim founded on fraud or a claim arising from a breach of contract, upon which action has been barred by an applicable statute of limitations, does not prevent the introduction of any relevant evidence at a trial which may establish absence of good faith or knowledge or intent with which misrepresentations were made. Although allegations are made in the fourth cause of action which constitute a right to recover on the theory of unjust enrichment of the defendants, there are facts alleged therein which would be sufficient, if proved, to sustain a claim based on fraud committed in pursuance of a continuing fraudulent conspiracy and damages resulting therefrom. These allegations make admissible evidence of such facts to establish knowledge and intent, irrespective of statutory limitations of the time within which actions may be brought. See Rosseau v. Langley, D.C., 7 F.R.D. 170, 172; Laird v. United Shipyards, D.C., 1 F.R.D. 772, 773; Connecticut Importing Co. v. Continental Distilling Corp., D.C., 1 F.R.D. 190, 191.

■ There is no reason why the inspection and copying of interoffice memoranda should not be held to be subject to the rules for the production and inspection of records. The court assumes that such records have been properly kept and that their production will aid in the ascertainment of facts and the furtherance of justice. See Byers Theaters v. Murphy, D.C., 1 F.R.D. 286, 289; United States v. United States Alkali Export Ass'n., D.C., 7 F.R.D. 256, 260.

■ Allocation cards, feature sheets and contracts which do not deal with "Li'l Abner" may contain evidence as to whether the defendants used proper efforts, as they were bound to do, to obtain the reasonable value on the disposition of plaintiff's work, and whether in case of group sales, including features other than plaintiff's as well as plaintiff's, the plaintiff received a fair proportion of the proceeds, and also may possibly disclose sufficient facts to permit experts to testify as to the values and permit inferences to be drawn as to whether defendants acted in good faith. The plaintiff is not a competitor of either of the defendants. The information sought is not of a confidential or secret nature. See Byers Theaters v. Murphy, supra, D.C., 1 F.R.D. 286, at page 288; Radio Receptor Co. v. General Motors Corporation, D.C., 1 F.R.D. 167. Moreover, the plaintiff apparently is willing that the order of the court should provide that he and all persons acting on his behalf shall not divulge without the consent of the court any matter they may learn which is considered confidential by the defendants.

■ There is no valid objection to the production of correspondence between the parties, especially in view of the plaintiff's allegation that his file of his correspondence wtih the Syndicate is incomplete.

All objections are overruled. The production and inspection shall take place at times to be agreed upon, during regular office hours in a room provided by defendants in their New York office building, and plaintiff may be represented by no more than two lawyers, each accompanied by a stenographer.

Settle order on notice.