## WATSON v. MALCOM et al.
### No. A-6938.

District Court Alaska.
Third Division, Anchorage.

Dec. 29, 1951.

Bailey E. Bell, Anchorage, Alaska, for plaintiff.

Plummer & Arnell, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

Plaintiff has filed a motion to suppress interrogatories propounded by the defendants upon the grounds that the interrogatories are oppressive and unfair; that unnecessary questions the answers to which are not admissible in evidence are asked; that the questions propounded are substantially the equivalent of taking a deposition; and that the plaintiff is out of the Territory.

In his brief plaintiff relies in part on the following cases: Checker Cab Mfg. Corporation v. Checker Taxi Co., D.C. Mass.1942, 2 F.R.D. 547; Stewart-Warner Corporation v. Staley, D.C.Pa.1941, 2 F.R. D. 199; Coca Cola Co. v. Dixie-Cola Laboratories, Inc., D.C.Md.1939, 30 F.Supp. 275.

It will be noted that the cases above cited were all decided not long after the Federal Rules of Civil Procedure, 28 U.S.C.A. went into effect and before the adoption of the later amendments. Other decisions handed down during the same period held that the scope of the rule concerning interrogatories was as broad as that of the rule concerning depositions, which may be

taken under Rule 26, and the correctness of this latter view was confirmed by the Supreme Court by the adoption of amendments effective September 1, 1947, specifically providing that interrogatories may relate to any matter which can be inquired into under Rule 26(b) concerning depositions. Rule 33, Federal Rules of Civil Procedure; 2 Barron and Holtzoff 423; Borgen v. Pennsylvania Greyhound Lines, D.C.Ohio 1949, 9 F.R.D. 209; Chenault v. Nebraska Farm Products, D.C.Neb.1949, 9 F.R.D. 529.

 It is evident that under original Rule 33 some of the Courts were inclined to severely restrict the procedure for the propounding and answering of interrogatories. The Supreme Court, as the rule making body, indicated by the amendments mentioned that the provisions of the Rules concerning interrogatories should be in harmony with the provisions concerning depositions. Accordingly, the objection of the plaintiff that the interrogatories are too numerous and practically amount to the taking of a deposition is not now well founded.

The plaintiff contends that the interrogatories should be suppressed because they ask for information not admissible in evidence. Rule 33 as amended provides that interrogatories may relate to any matter which can be inquired into under Rule 26 (b), and that rule in turn provides as follows: " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

A discussion of this subject and citation of cases may be found in 2 Barron and Holtzoff 425 et seq.

The suggestion that the interrogatories ought to be suppressed for the reason that the plaintiff is not now in the Territory of Alaska and his whereabouts are unknown to his attorney at the time of the filing of the motion may not be rightly sustained. It is assumed that since the plaintiff brought the suit he will eventually communicate with his attorney and probably return to the Territory within a reasonable time.

The motion is directed to all of the interrogatories and not to individual ones and, therefore, no ruling may properly be given as to any infirmity which may appear in any one or more of the specific interrogatories.

The motion to suppress is denied.