## MERCANTILE METAL & ORE CORP. v. AMERICAN GENERAL SUPPLY CORP.

United States District Court,
S. D. New York.
Jan. 23, 1952.

1. New York Civil Practice Act, § 353.

discovery under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is the only means whereby plaintiff may obtain knowledge of their contents to prepare to meet the defenses at the trial. This constitutes good cause under Rule 34. Caplin v. United Feature Syndicate, D.C., 8 F.R.D. 424.

The remaining objections made by the defendant are vague and general. The claim of privilege is unsupported, and the "time-honored cry of 'fishing expedition'" does not preclude a party from the benefits of the deposition-discovery procedure. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

The blanket request in Item "g" for all documents "which may be material to the issues" is an improper designation. Lundberg v. Welles, D.C., 11 F.R.D. 136. This aspect of the motion is denied. In all other respects the motion is granted.

Settle order on notice.

Gallop, Climenko & Gould, New York City, for plaintiff.

Joseph S. Meadow, New York City, for defendant.

WEINFELD, District Judge.

The documents sought are relevant to the subject matter of the pending action.

The statement that the defendant has few, if any, of the documents is unsupported. The allegations of the answer make it appear otherwise. Moreover, it is the fact of control and not possession which governs. See Bifferato v. States Marine Corp., D.C., 11 F.R.D. 44. It is clear that defendant has possession or control of the documents referred to in Items "a" to "f" inclusive.

Since the documents, which relate solely to matters asserted in the defendant's answer, are in the possession of defendant,