## CHECKER CAB MFG. CORPORATION v. CHECKER TAXI CO. et al.

### Civ. A. No. 1251.

District Court, D. Massachusetts.
Oct. 8, 1942.

William A. Kneeland, of Boston, Mass., for plaintiff.

Damon E. Hall, Joseph P. Sullivan (of Hurlburt, Jones, Hall & Bickford), and Charles J. Innes, (of Innes & Cottrell), all of Boston, Mass., for defendants.

SWEENEY, District Judge.

The defendants have filed seventy-nine interrogatories, many of which are subdivided into several inquiries.

The plaintiff objects generally to all interrogatories, except 51 to 54 inclusive and 76 to 77 inclusive, on the ground that they are grossly irrelevant and are drawn for the purpose of harassing the plaintiff.

The objections filed are sustained on the broad ground that they are too numerous and seek too many details. The matters covered by the interrogatories, if relevant, could be inquired into through oral depositions. The use of interrogatories should be discouraged where, either because they are too numerous, or because of the nature of the inquiries themselves, their use would result in a vexatious burden or oppression on the adverse party. See Coca Cola Company v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 279, in which, quoting Professor Sunderland's article in 42 Yale Law Journal 875, 876, the court stated: "Where the facts to be elicited are relatively few and important, whether ultimate facts or evidentiary facts, the legal machinery of interrogatories is a very useful, expeditious and inexpensive method; but where they are very numerous * * * they tend to become unduly burdensome, oppressive and vexatious to the adverse party and difficult for the court to administer."

The plaintiff's objections are sustained.