## BRIGHTWATER PAPER CO. v. MONAD-NOCK PAPER MILLS.

Civ. A. No. 1712.

District Court, D. Massachusetts.
Oct. 8, 1942.

EVANS et al. v. STIVERS LUMBER
CO., Inc.

No. 408.

District Court, E. D. Tennessee, S. D.

Sept. 29, 1942.

Damon E. Hall, Philip N. Jones (of Hurlburt, Jones, Hall & Bickford), all of Boston, Mass., and Walter J. Donovan, of Adams, Mass., for plaintiff.

William B. Sleigh, Jr., of Boston, Mass., for defendant.

SWEENEY, District Judge.

In this case the defendant has propounded eleven pages of interrogatories to the plaintiff, seeking much detailed information. Annexed to the plaintiff's declaration are more than one hundred detailed exhibits, and it is toward the items entered in these annexed exhibits that the interrogatories are directed. To require the answers to all of the interrogatories filed would compel the adverse party to examine closely into many hundreds of items. The interrogatories themselves have many subdivisions, and would be violative of Chapter 231, Section 61 of the Annotated Laws of Massachusetts which limits interrogatories to thirty, including subdivisions. While this court does not adopt the Massachusetts statute as its criterion, it is pointed to as a sensible guide for wouldbe interrogators.

The objections filed by the plaintiff are sustained on the broad ground that the use of interrogatories cannot be permitted where the information sought results in a vexatious and harassing burden to the adverse party.

The plaintiff has likewise offended with a group of fifty-five interrogatories, many of which have numerous subdivisions. The objections to these interrogatories are sustained on the same ground referred to above.

The information sought to be elicited by each party can be obtained, if relevant, through the use of oral depositions.

See Checker Cab Manufacturing Corporation v. Checker Taxi Company and Frank Sawyer, 2 F.R.D. 547, decided this date.