ELLIOTT PULFORD'S APPEAL FROM COMMISSIONERS.

A bill of particulars in a suit pending, was prepared for the plaintiff under his direction by a person not an attorney-at-law, and by the latter handed to the plaintiff's attorney, who did not make use of it as the case was set-

tled without a trial. This paper afterwards came into the hands of the ex-
ecutor of the other party, and became important evidence in favor of the
estate upon a claim presented by the former plaintiff against it. Held that
it was not privileged as a confidential communication from that party to his
attorney.

Whether the attorney could have been called on to testify with regard to it:
*Quære.* If he could not have been, yet any other person who knew the
facts with regard to it could have been compelled to testify.

APPEAL from the allowance by commissioners of a claim
against the estate of Norman Pulford, deceased; taken to
the Superior Court in New Haven County. The facts were
found by a committee, a remonstrance of the appellee
against the acceptance of the committee's report overruled
by the court, (*Culver J.,*) and judgment rendered for the ap-
pellant. The appellant moved for a new trial for error in a
ruling of the court as to the admission of evidence. The
case is fully stated in the opinion.

*W. Cothren,* in support of the motion.

*D. Torrance,* contra.

CARPENTER, J. David Pulford's claim against the estate
of Norman Pulford was allowed by the commissioners and
an appeal taken by Elliott Pulford, a legatee under the will
and a creditor of the estate. On the trial the appellant con-
tended that the claim was settled and discharged during the
life time of the testator. It appeared in evidence that cross
suits between the parties were pending before a justice of
the peace on the same day, which were settled without trial
and discontinued. The appellant attempted to prove that
the claim then made and settled was identical with the one
now made. As one step in the proof he offered a paper
containing the charges then made by David Pulford. His
counsel objected on the ground that it was a confidential
communication between him and his counsel. On the trial
before the commissioners the paper was called for, and pro-
duced by the attorney who appeared for him before the jus-
tice, and after the trial was handed to the counsel for the

executor, who produced and offered it in evidence on the trial in the Superior Court. It further appeared that the paper was never filed as a bill of particulars in the suit before the justice, but was made out for that purpose, by David Pulford's direction, by one Osborn, and by him handed to the attorney, in whose possession it remained until produced before the commissioners. Upon these facts the paper was received, after being identified, and the appellee excepted.

We think the ruling was correct. The rule that confidential communications from clients to their attorneys are privileged, remains in force notwithstanding the statute allowing parties to testify, and we have no disposition to weaken its force by too rigidly restricting its application. On the other hand it ought not to be extended to matters not within the reason and spirit of the rule. We think it was never intended to apply to a case like this. Third persons who are neither the agents nor clerks of the attorney, and who hear the communication, may be compelled to testify. Upon the same principle it was competent for the appellant to prove not only the existence of this paper, but, if necessary, its contents, by Osborn. No reason appears for excluding him as a witness. So also the party himself might have been examined. The mere fact that the paper, prepared as stated, was handed to an attorney for the purpose of being used on the trial, may possibly have sealed the mouth of the attorney, but it certainly would not exclude other witnesses. The mere production of the paper was hardly sufficient to establish the point in controversy. It was also necessary to show that the items it contained constituted the appellee's account against the deceased and that it was substantially identical with the claim now presented. To that end the fact that it was made by Pulford's direction, and handed to the attorney as a bill of particulars, was material. How, or by whom, that and other necessary facts were proved does not appear. Presumptively they were proved by proper and competent evidence. It is enough for our present purpose that it does not appear that the attorney

was examined and required to violate any professional obligation by disclosing confidential communications.

We do not see that the rule was violated, and we must hold that there is no error in the record.

In this opinion the other judges concurred.