### UNITED STATES v. ALUMINUM CO. OF AMERICA et al.

District Court, S. D. New York.
April 3, 1939.

Walter L. Rice, Sp. Asst. to Atty. Gen. (John C. Herberg and F. Gwyn Harper, Jr., both of Washington, D. C., Norman A. Adler, of New York City, and James S. Kemper, Jr., Ralph Anderson, and Creighton R. Coleman, all of Washington, D. C., and Gareth M. Neville, of Washington, D. C., of counsel), for the United States.

Hughes, Richards, Hubbard & Ewing, of New York City, and Smith, Buchanan & Ingersoll, of Pittsburgh, Pa. (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and William Watson Smith, Frank B. Ingersoll, and Leon E. Hickman, all of Pittsburgh, Pa., of counsel), for Aluminum Co. of America et al.

Milbank, Tweed & Hope, of New York City (Morris Hadley, Timothy N. Pfeiffer, and Edgar P. Baker, all of New York City, of counsel), for Aluminum Limited et al.

Baldwin, Todd & Young, of New York City (Roger Sherman Baldwin and Walter W. K. Bennett, both of New York City, and A. L. Nash, of Manitowoc, Wis., of counsel), for Aluminum Good Mfg. Co.

Hughes, Richards, Hubbard & Ewing, of New York City (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and John H. Watson, Jr., and M. B. & H. H. Johnson, all of Cleveland, Ohio, of counsel), for Aluminum Manufactures, Inc.

CAFFEY, District Judge.

The first question is raised by a motion of Alcoa to quash item 1 of a subpœna duces tecum issued to it dated March 10th. The material relating to the subpœna and the discussion of it are set out at pages 12,311-13; 12,350-1; 12,456-61; 12,486-95; 13,207-18; and 14,465-81 of the minutes.

The subpœna was issued in the usual way by the clerk. This was done pursuant to Rule 45 (b), Rules of Civil Procedure for District Courts, 28 U.S.C. A. following section 723c. As the record discloses, counsel are in square conflict about the facts. In consequence I have held, and I believe counsel have agreed, that I should not accept the statements of either side about the facts. I must base my determination exclusively on the papers submitted.

The applicable law has been twice announced, with citation of authorities, during this trial: on January 6, 1939,

at pages 8737-40 and on February 8, 1939, at pages 10,752-7. There is no occasion to repeat what was then said. Two propositions were laid down: (1) Rule 45 (b) must be interpreted as in pari materia with Rule 34; (2) in order to defeat the motion now before us, it must appear that the documents called for constitute or contain evidence which is material or probably material. I adhere to those views.

The Government has taken two positions with respect to the documents described in item 1. The first, which was urged preceding last Thursday, was that while the documents do not contain any admissible evidence, what are called for would be useful in refreshing the recollection of witnesses. The second, which was urged during the argument of last Thursday, was that the depositions of three designated persons named in the subpœna and connected with Alcoa, one of whom is the witness at present on the stand, contain admissions which it is entitled to introduce as evidence.

As I see it, the usefulness of a document for the purpose of refreshing the memory of a witness is no ground whatsoever for requiring its production. As pointed out in my statements of January 6th and February 8th previously mentioned, the rules restrict the power of the court in respect to enforcing such production by means of a subpœna duces tecum, to documents which are or probably are evidence. Their value for refreshing recollection is wholly outside the definition of the sole authority of the court to compel their production. In dealing with a statutory provision somewhat broader in its phraseology than the Rules of Civil Procedure Mr. Justice Cardozo, when Chief Judge of the New York Court of Appeals (People ex rel. Lemon v. Supreme Court of State of New York, 245 N.Y. 24, at page 29, 156 N.E. 84, at page 85, 52 A.L. R. 200), said: "Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves."

The same conclusion is borne out by the decision of the Supreme Court of the United States in Kring v. State of Missouri, 107 U.S. 221, at page 232, 2 S. Ct. 443, 27 L.Ed. 506. The opinion is by Mr. Justice Miller. He there gives the only definition I have discovered by the Supreme Court itself of what is evidence.

In substance he states that it consists wholly of proof which is admissible. If so, of course, material brought forward only to refresh the recollection of a witness is not evidence.

So also both with respect to the contention that the documents described in item 1 would be useful in refreshing the recollection of witnesses and the contention that the documents contain admissions, the Government finds itself in the identical position which was described in my rulings of January 6th and February 8th; namely, there is total absence of a showing that any of the documents involved contain or probably contain or constitute or probably constitute material evidence.

The result is that the motion to quash item 1 of the subpœna must be, and it is, granted.