**LEWIS v. UNITED AIR LINES TRANS-PORT CORPORATION et al., and three other cases.**

**Nos. 44, 64, 72, 106.**

District Court, D. Connecticut.

June 7, 1939.

In No. 44:

Day, Berry & Howard, of Hartford, Conn., and Harold E. Drew, of Derby, Conn., for plaintiff.

Wiggin & Dana, of New Haven, Conn., for United Aircraft Corporation.

Pond, Morgan & Morse, of New Haven, Conn., for United Air Lines Transport Corporation.

In No. 64:

Day, Berry & Howard, of Hartford, Conn., and Harold E. Drew, of Derby, Conn., for plaintiff.

Wiggin & Dana and Frank E. Callahan, all of New Haven, Conn., for United Aircraft Corporation.

Pond, Morgan & Morse, of New Haven, Conn., for United Air Lines Transport Corporation.

In No. 72:

Day, Berry & Howard, of Hartford, and Harold E. Drew, of Derby, Conn., for plaintiff.

Wiggin & Dana, of New Haven, Conn., for United Aircraft Corporation.

Pond, Morgan & Morse, of New Haven, Conn., for United Air Lines Transport Corporation.

In No. 106:

Joseph F. Berry (of Day, Berry & Howard), of Hartford, Conn., and Harold E. Drew, of Derby, Conn., for plaintiff.

Frederick H. Wiggin and Frank E. Callahan, both of New Haven, Conn., for United Aircraft Corporation.

Pond, Morgan and Morse, of New Haven, Conn., for United Air Lines Transport Corporation.

HINCKS, District Judge.

1. Paragraphs 1 and 5 of the motion are denied.

My first reaction was that these paragraphs should be granted upon the ground that the examination should be restricted to the condition of cylinder No. 3, the alleged failure of which is the sole ground upon which it is sought to hold Aircraft.

On consideration, however, it becomes apparent that the proposed depositions are authorized under Rule 26, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, which contemplates examinations not merely for the narrow purpose of adducing testimony which shall be offered in evidence at the trial but also for the broad discovery of information which may be useful in preparation for trial. The Rule does not restrict the examinations to matters relevant to the precise issue (alleged failure of cylinder No. 3). The only limitation is to matters "relevant to the subject matter involved in the pending action." The subject matter of the action is the Cleveland crash and the cause thereof. In this view, I must hold that the condition of the entire engine —not merely cylinder No. 3—is relevant. That the examination may develop useful information by way of discovery which may not be admissible or material upon the precise issue is aside from the point; to the extent that the examination develops useful information it functions success-fully as an instrument of discovery, even if it produces no testimony directly admissible.

2. Paragraphs 2 and 4 of the motion are denied.

The information which Aircraft seeks will be admissible in the trial herein if admissible under the rules of evidence as applied in the courts of general jurisdiction of the State of Connecticut. Rules Civil Procedure 43(a). The Connecticut rule of admissibility of communications by an agent of a party certainly is more liberal, and more narrowly circumscribes the agent's privilege, than the rule generally prevailing elsewhere. Hurley v. Connecticut Co., 118 Conn. 276, 172 A. 86; Pulford's Appeal, 48 Conn. 247. Wigmore, § 2319, note 1. Whether the challenged items which Aircraft seeks on discovery are admissible under the Connecticut rule are questions which cannot be finally determined until a later stage. The Rules of Civil Procedure provide ample opportunity to raise the claim of privilege during the taking of the depositions and to press objections based on the ground of a claimed privilege at the trial. Equally, the rules contemplate that Aircraft through its subpœna may call for the information which it seeks and if objection develops, whether on the ground of privilege or on other grounds, obtain a final ruling by the court. But clearly, the court ought not by a present circumcision of Aircraft's subpœna frustrate the attempt to obtain the desired information and through the process of deposition to reduce it to an offer of evidence, the admissibility of which shall be susceptible to final ruling.

3. Paragraph 3 of the motion is denied.

This paragraph of the motion is based upon the contention that the matter sought is immaterial. If so, an objection on that ground may be pressed at trial. Until the reports sought are presented to the court for inspection and ruling it is impossible to pass upon their admissibility. Conceivably they may contain matters of fact which are admissible and matters of recommendation which are not admissible. But under Rule 26(b) a party is entitled by way of discovery to information, such for instance as "the identity and location of persons having knowledge of relevant facts", which obviously is not directly admissible in evidence. And under Rule 26(d) depositions may be used to contra-

948

dict or impeach the testimony of the deponent. A deposition thus might be admissible to impeach though not otherwise admissible.

In any event, the only limitation on the scope of examination under Rule 26 is that the, subject matter shall not be privileged and shall be "relevant to the subject matter involved in the pending action." The examination, under the rule, is not to be restricted to matters which are material or admissible.

Accordingly the entire motion is denied and it is

So ordered.