## STEVENSON v. MELADY et al.

District Court, S. D. New York.

May 6, 1940.

330

Regan & Barrett, of New York City (Edward G. Bathon, of New York City, of counsel), for plaintiff.

McCauley, Spiegelberg, Davis & Gallagher, of New York City (George A. Spiegelberg, of New York City, of counsel), for defendant John Melady & Co.

LEIBELL, District Judge.

This is a motion to compel defendant, Richard J. Buck, a member of the defendant firm of John Melady & Co., to answer certain questions on an examination before trial.

The plaintiff's complaint presents six causes of action. In substance, he seeks to recover upon an alleged contract entered into by and between himself and defendant, John Melady & Company, whereby it was agreed that defendant Melady should employ plaintiff as a salesman of securities. Assertedly defendant Melady "promised that they would pay to plaintiff a sum equal to 50% of the net profits derived from any business produced through the plaintiff or his customers". In particular, plaintiff seeks to recover profits made by defendant Melady in dealing in the unlisted securities of Muller Brass Company and F. L. Jacobs Company.

The objections made by defendant Buck to the questions proposed on the examination before trial are all of one type. He objects to disclosing how many shares of Muller Brass Company stock his firm bought and sold during the period of plaintiff's employment, and to disclosing the names of the purchasers or sellers of the Muller Brass Company stock or the Jacobs Company stock. Specifically he has refused to answer unless plaintiff claims that all or some paritcular sale was made to or from a customer of his, on the ground that unless the examination is limited to transactions with plaintiff's customers, it is outside the issues raised by the pleadings. I cannot so conclude at this time. That can be determined better at the trial.

However, by means of the questions he has asked, plaintiff may discover business produced for defendant, Melady & Co., through plaintiff. To limit an examination to matters relevant to only the precise issues presented by the pleadings, would not only be contrary to the express purposes of rule 26 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (Lewis v. United Air Lines Transport Corp., D. C., 27 F.Supp. 946), but also might result in a complete failure to afford plaintiff an adequate opportunity to obtain information that would be useful at the trial. In fact, in the amended complaint plaintiff pleads that in violation of the agreement defendant Melady failed to disclose to plaintiff the extent of Melady's trading in the stock.

I am satisfied that the questions presently objected to appear to be or may be relevant to the subject matter involved in the pending action (Rule 26) and for that reason I shall order them to be answered. Motion granted. Submit order on notice.