## MONARCH LIQUOR CORPORATION v. SCHENLEY DISTILLERS CORPORATION.

### Civil Action No. 383.

District Court, N. D. New York.
July 28, 1941.

Alexander L. Saul, of Syracuse, N. Y. (Clifford H. Searl, of Syracuse, N. Y., of counsel), for plaintiff.

Hancock, Dorr, Ryan & Shove, of Syracuse, N. Y., for defendant.

BRYANT, District Judge.

Motion to strike first and third causes of action and for summary judgment thereon is denied.

Motion for summary judgment on counterclaim is denied.

An order may be presented.

Plaintiff's demand for production and inspection is rather broad. However, Rule 34, Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, must and should receive a liberal interpretation. I do not agree with defendant's contention that plaintiff should not inspect until after judgment. All documents containing evidence material to the claim or defense of either party is within the broadened scope of pre-trial inspection.

Defendant in counterclaim claims an unpaid balance of $7,570.75. Plaintiff, in his affidavit, admits an unpaid balance of about $6,300. This discrepancy makes books, containing plaintiff's account, material. Defendant should allow inspection of this account or furnish a true copy thereof.

Plaintiff, under the pleadings, is entitled to inspect contracts, agreements, letters, vouchers and books of account which show sales discounts and rebates made to other wholesalers during the period.

Plaintiff is entitled to inspect the minute book of defendant and any and all contracts, agreements, papers and letters which bear upon the extent of authority given by the corporation to the persons with whom plaintiff claims to have negotiated. This should include any letters, documents or papers showing, or tending to show, ratification of the acts of the al-

leged negotiators. I cannot see where checks or vouchers are material on this point.

█ Plaintiff, simply because he does not know the documents needed, cannot have an order for a general inspection of all of defendant's records. If he cannot, under the above rulings, present an order describing the relevant documents in sufficient detail so that defendant can readily produce, then he should by a discovery examination of parties determine what material documents exist and where they are. A specific order can then be made.