## ISREL v. SHAPIRO.

District Court, S. D. New York.
Dec. 18, 1942.

Otterbourg, Steindler & Houston, of New York City, for plaintiff.

Jacob Broches Aronoff, of New York City, for defendant.

David Spielman, of New York City, for witness, Simplicity Pattern Co. Inc.

LEIBELL, District Judge.

Plaintiff has made two motions herein, each through an order to show cause, the one dated November 25, 1942, and the other dated November 27th, 1942. They relate respectively to the examination before trial of the defendant and to a subpoena duces tecum on a prospective deposition of a corporation, Simplicity Pattern Co., Inc., to be examined through one of its officers. I shall now discuss each motion separately.

As to plaintiff's motion (based on the order to show cause dated November 25, 1942) for an order directing the defendant, Joseph M. Shapiro, to answer questions put to him in an examination before trial and to produce certain documents, I make the following ruling:

■ On his examination the defendant need not produce copies of his income tax statements (item 6), his personal bank account records (item 7), his gift tax returns (item 8), because they are clearly irrelevant and immaterial to the proper subject matter of the examination. Items 9 and 12 plaintiff may obtain when taking the deposition of Simplicity Pattern Co., Inc., through one of its officers. Part of item 11 he may also obtain at that time, if his subpoena is specific and identifies the original sketches requested.

■■ When the examination of the defendant is resumed he need not answer questions relating to matters in items 1 and 4, because they will more properly be obtained through the examination of the Simplicity Pattern Co., Inc. The same is true concerning items 2, 3 and 5 insofar as they relate to Simplicity Pattern Co., Inc. Since said items 2, 3 and 5 relate to "the other companies", which is rather indefinite, the information should be obtained by a proper notice to examine said other companies, under the Rules. Defendant, or the company to be examined, may then make an appropriate motion in respect to any such notice.

Defendant will answer questions under item 10.

■ If the subpoena duces tecum, dated November 27, 1942, addressed to Simplicity Pattern Co., Inc., has been served in connection with the examination of the defendant, in order to refresh his recollection, there is no right in the plaintiff to inspect any of the documents unless the witness requires and actually uses them for the purpose of refreshing his recollection. Concerning the use of documents to refresh the recollection of a witness, I refer counsel to the opinion of Judge Caffey in United States v. Aluminum Co. of America, et al, D.C., 1 F.R.D. 62.

■■ The motion for an order directing Simplicity Pattern Co., Inc., to produce certain documents and to permit the inspection and copying thereof by the plaintiff, is denied because the Simplicity Pattern Co., Inc., is not a party to the action. Rule 34, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, relating to discovery and inspection applies only to parties. Again referring to the subpoena duces tecum, addressed to Simplicity Pattern Co., Inc., for the production of certain records of that corporation, it does not appear from the papers before me that any notice for the examination of the corporation has been served as required by Rule 30. If said notice has been served or is about to be served, I might as well rule now on the records sought to be produced under said subpoena. Items Nos. 1, 3, 4, 5 and 7 are approved. Items Nos. 2 and 6 are disapproved, as too indefinite and burdensome.

Submit orders on notice in accordance with this opinion.