**ROSSEAU et al. v. LANGLEY et al.**

Civ. No. 22–205.

District Court, S. D. New York.

July 7, 1945.

MacNeil Mitchell, of New York City (H. M. Havner, of Des Moines, Iowa, John Hale, of Burlington, Iowa and F. A. Ontjes, of Mason City, Iowa, of counsel), for plaintiffs.

Pruitt, Hale & Coursen, of New York City (H. Preston Coursen, of New York City, of counsel), for defendants.

GODDARD, District Judge.

This is a motion by the plaintiffs for the production and inspection of documents pursuant to Rule 34 Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It relates to a stockholders derivative action brought in behalf of the Iowa Southern Utilities Company of Delaware against its officers, directors and others. Defendants, Langley and deRivera, oppose the motion on the grounds that many of the documents called for are irrelevant and immaterial because (1) the statute of limitations of the State of New York has run against many of the transactions which the documents relate to; (2) some of the documents requested refer to allegations which were stricken from the complaint by a prior order of this court.

In brief, the amended complaint as it now stands in substance alleges that in the forepart of 1923, at which time the Iowa Southern Utilities Company of Delaware was incorporated, the defendants entered into a fraudulent plan and conspiracy to organize the corporation for the issuance and marketing of securities of said corporation at large profits to themselves, which fraudulent plan and conspiracy has continued to the present time; that during this time the said parties to the alleged fraudulent scheme, plan and conspiracy, together with the defendant, Edward deRivera, who later became associated with them, through the ownership of common voting stock, controlled and dominated the defendant corporation and elected its Board of Directors,

and since the year 1934 to the present time through stock standing in their names and through proxies, procured and held by them at all times controlled the voting stock and managed the Board of Directors of the corporation. It further alleges that in pursuance of said fraudulent plan and conspiracy the parties, by various fraudulent devices in the acquisition by themselves and the subsequent sale to the corporation of properties, payment of salaries, marketing of securities, illegal payment of dividends and in other enumerated ways made unconscionable profits for themselves and caused large amounts to be fraudulently and illegally diverted from the treasury of the corporation. The prayer for relief asks for judgment against the defendants, William C. Langley and Edward deRivera individually and as copartners of W. C. Langley & Co. in behalf of the Iowa Southern Utilities Company of Delaware for Five million ($5,000,000) dollars and interest; for a completed accounting by the defendants and for an injunction against any transfer of assets of the corporation or destruction of books, records, etc.

This amended complaint alleges in paragraph 16 a fraudulent plan and conspiracy dating from 1923 to the present time. The subsequent paragraphs allege a number of specific acts which constitute this general fraudulent plan, and it may well be that as to a number of these specific transactions recovery will be barred by an applicable statute of limitations. However, the documents called for in 18 of the 19 items requested by the motion to produce are under the pleadings and the accompanying affidavit on their face material to the general allegations as to the continuing fraudulent conspiracy as well as to the specific transactions subsequently alleged.

■ This Rule 34 permitting the court to order a party to produce and permit inspection and copying and photographing of documents is to be liberally construed. Bruun v. Hanson, D.C., 30 F.Supp. 602, conforming to mandate 9 Cir., 103 F.2d 685, certiorari denied 308 U.S. 571, 60 S.Ct. 86, 84 L.Ed. 479; Monarch Liquor Corporation v. Schenley Distillers Corporation, D.C., 2 F.R.D. 51. This rule and Rule 45 and Rule 26 must be construed in pari materia. Connecticut Importing Co. v. Continental Distilling Corporation, D. C., 1 F.R.D. 190; United States v. Aluminum Co. of America, D.C., 1 F.R.D. 57; United States v. Aluminum Co. of America, D.C., 1 F.R.D. 62. It has been held that Rule 26 of the Federal Rule of Civil Procedure relating to depositions before action "contemplates examinations not merely for the narrow purpose of adducing testimony which shall be offered in evidence * * * but also for the broad discovery of information which may be useful in preparation for trial", and "the Rule does not restrict the examinations to matters relevant to the precise issue" but only to matters " 'relevant to the subject matter involved in the pending action.' " Lewis v. United Air Lines Transport Corporation, D.C., 27 F.Supp. 946, 947. The subject matter of the present litigation is the establishment of a continuing fraud from 1923 to date by the defendants. Rule 34 has also been construed to the effect that it is not necessary to establish the admissibility of the documents, but that it is sufficient if the documents concern matters generally bearing on the issue and that there is reasonable probability that the documents contain material evidence. Grinnell Co. v. National Bank of Far Rockaway, D.C., 2 F.R.D. 116.

■ Therefore, since there is a reasonable probability that the documents contain material evidence as to the subject matter of the cause of action alleged, the motion as to items 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18 and 19 is granted.

■ As to item 15 the motion is denied for the documents are not sufficiently designated and call for a blanket inspection. Connecticut Importing Co. v. Continental Distilling Corporation, supra.

Settle order on notice.