**REPUBLIC OF ITALY v. DE ANGELIS et al.**

United States District Court
S. D. New York.
May 7, 1953.

See also, 111 F.Supp. 216; 206 F.2d 121.

520

Edward Garfield, New York City, for plaintiff.

Hahn & Golin, New York City, for defendants. Arnold A. Jaffe, New York City, of counsel.

CONGER, District Judge.

Motion by the plaintiff for inspection pursuant to Rule 34 F.R.C.P., 28 U.S.C.A.

Rule 34 provides for inspection of documents, etc. "which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)" and the latter rule provides for examination "regarding any matter, not privileged, which is relevant to the subject matter involved * * *."

■ Both of these rules have been liberally construed by the Courts. Liberality, rather than restriction, seems to be the guiding principle in carrying out the spirit of the rules.

It has been held that rule 26 contemplates examination not merely for the narrow purpose of adducing testimony which shall be offered in evidence, but also for the broad discovery of information which may be useful in preparation for trial; that the rule does not restrict examination to matters which may be relevant to the precise issue but extends to matters which are relevant to the subject matter of the suit.

■ Rule 34 has been construed to the effect that it is not necessary to establish the admissibility of the documents but that it is sufficient if the documents concern matters generally bearing on the issue and that there is reasonable probability that the documents contain material evidence. Rosseau v. Langley, D.C., 7 F.R.D. 170 and cases cited. See also Bank Line v. U. S., 2 Cir., 163 F.2d 133 at page 137 wherein the Court said of the construction to be given rule 34:

"* * * which has been construed as giving broad scope to inquiries to aid in the preparation for trial and embraces situations where the documents sought 'contain evidence material to any matter involved in the action.' The right of discovery under this rule is not restricted to documents which are competent as evidence, if they contain facts which may be the source of information that would be admissible at the trial. Hickman v. Taylor, 3 Cir., 153 F.2d 212, 218, affirmed 329 U. S. 495, 67 S.Ct. 385, [91 L.Ed. 451]."

■ Therefore, having in mind the policy of the Courts as to relevancy as stated above, and also having in mind that the books, records and documents sought to be

inspected contain material evidence as to the subject matter of the cause of action, I feel I should grant plaintiff's motion.

It is not ground for disallowance that documents sought will not (in defendants' opinion) support the purpose of the inspection; that the plaintiff may obtain the information elsewhere or that defendants have been examined about it; that the records are not in defendants' possession if in fact they control them; that the New Jersey State Court has ruled against some of the matters sought.

With respect to item 3(a) it is not clear why the books and records so far in the past are needed. I believe 1948 is the proper year to start with. I have no information when the partnership commenced business. If plaintiff, after completion of the examination, feels it is necessary to go back of 1948 he may make further application for such further relief.

The motion is granted in all respects, except as indicated.

Settle order.