AVON LINEN SERVICE, Inc., Plaintiff,

v.

Emanuel GRATENSTEIN, Central Coat, Apron and Linen Service, Inc., Morgan Linen Service, Inc., General Linen Supply and Laundry Co., Ideal Linen Service Co., Swift Coat, Apron and Towel Supply, Inc., Comet Coat, Apron and Linen Service, Inc., Central Coat, Apron and Linen Service, Inc., of Massachusetts, the General Linen Supply and Laundry Co., Inc., William Schnipper, Defendants.

Civ. No. 4635.

United States District Court, D. Connecticut.

Dec. 9, 1953.

James F. Kenney, Bridgeport, Conn., for plaintiff.

J. Kenneth Bradley, Bridgeport, Conn., Klein & Klein, New Haven, Conn., for defendants.

SMITH, Chief Judge.

This is a motion by the plaintiff, Avon Linen Service, Inc., (a) to quash a subpoena duces tecum under Rule 45(b) (1)

of the Federal Rules of Civil Procedure, 28 U.S.C.A., and (b) to terminate, or alternatively, to limit examination under Rule 30(b) and (d). The subpoena was issued by the clerk of this court on October 29, 1953 pursuant to Rule 45(d) and directed the plaintiff to produce various books, records and other information at an examination by defendant of four of plaintiff's officers on November 2, 1953. The complaint in this action was instituted under the Sherman Act, 15 U.S. C.A. §§ 1 and 2, to recover treble damages for alleged harm to plaintiff's business sustained through alleged actions of the defendants which allegedly resulted in restraint and monopoly of trade and commerce in the linen supply business in the southwestern New England area. Injunctive relief was also demanded. Defendants in the action have not as yet filed their answers.

■■ Taking the two requests separately, the motion to quash because of the claimed prematurity of the subpoena is not well taken. Plaintiff has pointed out cases in which production of documents was not ordered since no answer had been filed and the court could find no joinder of issues to determine the materiality and relevancy of the information requested in the subpoena; see Hartford National Bank and Trust Co. v. E. F. Drew and Co. Inc., D.C.Del.1952, 13 F. R.D. 127; Employers' Mutual Liability Ins. Co. v. Blue Line T. Co., D.C.W.D. Mo.1941, 2 F.R.D. 121. However, neither Rule 30, Rule 45 nor Rule 34, in terms limit the time for examination or discovery to the period after answer or other responsive pleading, although Rule 26 requires leave of court if a deposition is to be taken within 20 days after commencement of the action. Where it appears from the complaint that relevancy is probably determinable, discovery may be had prior to the filing of the answer. See Vol. 4, Moore's Federal Practice, 2d Ed., pp. 2438–2439, and cases cited therein.

■ Thus, the primary question involved here is whether the information requested is relevant to the issues already determinable, or whether it is so far afield as to be considered oppressive and unreasonable. As to relevancy, the subpoena should be upheld unless the evidence sought can have no possible bearing upon the issues. See Vol. 5, Moore's Federal Practice, pp. 1722–1726. This view of relevancy is substantiated under the 1946 amendment to Rule 45(d) (1) whereby the scope of a subpoena duces tecum in connection with the taking of a deposition is determined by Rule 26(b). See Vol. 5, Moore, supra. Examination under this latter Rule has been held to contemplate inquiry not only into matters admissible in evidence but also to matters relevant to the subject matter involved in the pending action regardless of materiality or admissibility at trial. See Lewis v. United Air Lines Transport Corp., D.C. Conn., 1939, 27 F.Supp. 946; also Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; also see Vol. 4, Moore's Federal Practice, pp. 1070–1071.

■■ It appears that plaintiff here has in mind a fairly restricted view of relevancy for in view of its extensive allegations, most of the information demanded by the defendants in the subpoena seems to be pertinent to the determinable issues in the action. The charter and acts of incorporation, minutes of meetings, records showing names and addresses of officers, directors and salesmen and other information down through item 3[b] of the subpoena seems to be reasonably requested in terms of preparing the defense to meet plaintiff's allegations; it certainly appears reasonably requested in terms of gaining leads as to where evidence may be located. As to request 3[c] concerning names and addresses of customers lost or gained, a danger of prejudice may exist in their

disclosure to a competitor. It is sufficient at this stage prior to answer if plaintiff limits disclosure of the names and addresses of customers to those it claims were harassed by the defendant. This qualification would apply as well to request 3[f] of the subpoena. The remaining requests of the subpoena all seem reasonably put in regard to their potential relevancy to the probable issues in the action as foreshadowed by the complaint.

■ The second half of the motion which is to terminate, or, in the alternative, to limit examination under Rule 30 (b) and (d) is also based on the contention that the questions put to plaintiff's officers were unreasonable in that they were irrelevant to the issues in the action. Plaintiff desires to exclude from the scope of the examination questions as to the amount of contributions by stockholders to plaintiff's capital, the sources of such contributions, and plaintiff's operating losses. Plaintiff claims such questions indicate bad faith on the part of the defendants in conducting the examination. This motion must also be denied at this time since it is not clear that the evidence sought can have no possible bearing upon the subject matter of the litigation; it may very well be pertinent to any defense of plaintiff's suit being a sham action and to the question of damages. See Lewis v. United Air Lines Transport Corp., supra, and also Engl v. Aetna Life Ins. Co., supra. In neither half of the motion has plaintiff asserted that it is impossible to produce such information. By oppressive, plaintiff apparently only means irrelevant.

The motion to quash is granted only as to items demanding names and addresses of customers other than those the plaintiff claims were harassed or approached by defendants; the motion to terminate, or limit the examination is denied.