Hyrum JENSEN, individually and doing business as Eureka Lumber Company, Plaintiff,

v.

BOSTON INSURANCE COMPANY, a corporation, Does One to Ten, Defendants and Third-Party Plaintiff,

Hyrum JENSEN and Harold Dee Jensen, Third-Party Defendants.

Civ. No. 7489.

United States District Court
N. D. California,
Northern Division.
May 10, 1957.

Frederick L. Hilger, Eureka, Cal., for plaintiff and third-party defendant, Hyrum Jensen.

Augustus Castro and Cooley, Crowley, Gaither, Godward, Castro & Huddleson, San Francisco, Cal., for defendant and third-party plaintiff.

Robert W. Hill, Eureka, Cal., for third-party defendant, Harold Dee Jensen.

HALBERT, District Judge.

In this action, plaintiff, the insured, as the result of a fire loss sustained June 25, 1956, seeks to recover amounts allegedly due and owing to him from the defendant [1] under a contract of fire in-

1. In the original action certain Does were named as defendants, but Boston Insurance Company, a corporation, is the sole defendant involved in this action. Therefore, reference in this memorandum and order will be to "defendant" only, and it is to be understood that the use of defendant means defendant and third party plaintiff, Boston Insurance Company, a corporation.

surance. Defendant has filed a third party complaint against the third party defendants, Hyrum Jensen (the plaintiff in the original action) and Harold Dee Jensen, alleging, *inter alia*, that said third party defendants caused the fire for which recovery under the insurance policy is sought, and thus are liable to defendant for any and all amounts which it might be required to pay under the insurance contract. In answer to the complaint defendant has alleged, *inter alia*, that plaintiff has not fulfilled the conditions precedent to bringing suit on the contract, that plaintiff fraudulently concealed the interest of Harold Dee Jensen (one of the third party defendants herein) in the property for which coverage was specified in the insurance contract, and that plaintiff, Hyrum Jensen, and the said Harold Dee Jensen, by their own acts, caused the fire to occur. Defendant has filed a motion for the production of certain documents pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. Documents falling within seven specified categories are sought by this motion. Third party defendants [2] herein have filed objections to this motion, and the questions raised thereby have been submitted to the Court for its ruling and decision.

In brief, the motion for production seeks the personal income tax returns of both third party defendants for each of the calendar years 1951 through 1956, inclusive; copies of the monthly bank statements and supporting cancelled checks of each of the third party defendants from January 1, 1951 to December 31, 1956; books of account, records and invoices reflecting the business operations of each third party defendant for the years 1951 through 1956; and certain specified books of account of the Eureka Lumber Company for the years 1954 through 1956. Said motion, it is

asserted, is directed toward the revelation of the interest of Harold Dee Jensen in the insured property in support of defendant's defense and third party complaint. The motion is supported by an affidavit of defendant's counsel in which it is sworn on information and belief that the documents are in the possession or under the custody of the third party defendants; that the documents must be produced in order for defendant to conduct its cross-examination of its opponents; and that the documents are "material and necessary to the completion of the investigation of the defense of the action on such complaint and to proving the action under said third party complaint." Defendant's counsel further swears that Harold Dee Jensen refused to produce the documents after being requested to do so by the affiant at the time of the taking of the former's deposition, and that Hyrum Jensen has likewise refused a similar request by defendant.

■ In opposition to defendant's motion, both third party defendants assert that certain of the documents sought are not available for inspection for the reason that such documents were lost in the fire or by reason of events surrounding the fire. These assertions are not verified by affidavit or otherwise, so far as the *record now before the Court is* concerned. If the documents sought are not in existence, it is incumbent upon the objecting party or parties to so state *under oath* and not by way of a general unverified allegation (Blumenthal v. Lukacs, D.C., 2 F.R.D. 427; Stark v. American Dredging Co., D.C., 3 F.R.D. 300; Service Liquor Distributors, Inc., v. Calvert Distillers Corp., D.C., 16 F.R.D. 344; 4 Moore, Federal Practice, § 34.17, page 2470; and cf.: Frasier v. Twentieth Century-Fox Film Corp., D.C., 119 F. Supp. 495; Soetaert v. Kansas City Coca

---

2. Since Hyrum Jensen is both the plaintiff and one of the third party defendants, the use of *third party defendants* in this memorandum and order includes Hyrum Jensen as the plaintiff and as a third party defendant unless otherwise specifically noted.

Cola Bottling Co., D.C., 16 F.R.D. 1). For this reason, the Court will proceed on the basis of the affidavit submitted by defendant, and will accordingly assume, for the purpose of the order to be made, that each document sought is in existence and is in the custody of the third party defendants.

■ Plaintiff and third party defendant, Hyrum Jensen, also asserts as an objection that defendant has already inspected and made extracts of "his entire files of available records", including bank statements and cancelled checks. This assertion, likewise being unverified, does not constitute a sufficient objection in the face of the affidavit submitted by defendant, for the reasons given in the preceding paragraph. Of course, if defendant has already obtained the documents sought by its motion, production should not be required (See 4 Moore, Federal Practice, § 34.12, page 2465), but plaintiff and third party defendant, Hyrum Jensen, has made no effort to properly demonstrate that such is the fact. Furthermore, the general objection by plaintiff and third party defendant, Hyrum Jensen, that defendant is "fully informed and has all information available to Hyrum Jensen, so far as it pertains to this action" is wholly insufficient to support a valid objection to the motion for production (See 4 Moore, Federal Practice, pages 2466–7).

■ As a further objection, both third party defendants contend that paragraphs 3 and 7 of the motion for production, which relate to the "books of account, records and invoices reflecting business operations" of each third party defendant from 1951 to 1956, are not spelled out with a sufficient degree of particularity to enable said third party defendants to comply therewith. There is no hard and fast rule regarding the degree of particularity with which documents sought by a motion to produce must be described. It is generally considered to be sufficient in this regard if the documents are denominated by categories, so long as the categories are defined in a reasonably specific manner (4 Moore, Federal Practice, § 34.08, pages 2444–7; Leven v. Birrell, D.C., 13 F.R.D. 341, 342; United States v. Certain Parcels of Land, Etc., D.C., 15 F.R.D. 224, 228; and cf.: Automatic Laundry Service, Inc., v. Telecoin Corp., D.C. 16 F.R.D. 26). It is the opinion of the Court that paragraphs 3 and 7 of defendant's motion are sufficiently specific to meet these requirements, and any further particularization would serve no useful purpose.

■ Each third party defendant has questioned the relevancy of some of the documents sought by defendant. Plaintiff and third party defendant, Hyrum Jensen, asserts that his personal income tax returns and business records for the years prior to 1956 are irrelevant to the issues in the case. Third party defendant, Harold Dee Jensen, raises the same objections with respect to paragraphs 2 and 3 of the motion (monthly bank statements with supporting cancelled checks and books of account, records and invoices reflecting business operations, respectively). In addition, each third party defendant asserts a general relevancy objection with respect to all income tax returns and monthly bank statements (with supporting cancelled checks) sought from him. The tests of relevancy as they relate to documents sought by a motion to produce under Rule 34 are considerably less stringent than the general relevancy requirements which govern admissibility of evidence at the trial state of proceedings (Radio Corporation of America v. Rauland Corporation, D.C., 18 F.R.D. 440, 444–5; Republic of Italy v. De Angelis, D.C., 14 F.R.D. 519, 520; 4 Moore, Federal Practice, § 34.10, page 2459). One of the principal issues raised by the third party complaint and answer filed by defendant and third party plaintiff, Boston Insurance Company, is whether or not third party defendant, Harold Dee Jensen, had, at the pertinent times, an in-

terest in the insured property. Without passing upon the merits of defendant's defense in this regard, the Court is of the view that any discovery technique, which is reasonably likely to produce facts bearing on this issue, should be permitted. If it is probable that the documents sought by the motion for production contain factual information relating to the question of Harold Dee Jensen's interest in the insured property, then such documents are relevant within the meaning of Rule 34 (Jacobs v. Kennedy Van Saun Mfg. & Eng. Corp., D.C., 12 F.R.D. 523; Mullen v. Mullen, D.C., 14 F.R.D. 142 (involving income tax returns); and 4 Moore, Federal Practice, § 34.10, at page 2458) and should be made available to defendant. In order to reconstruct the alleged business relationhip between the two third party defendants in support of its claim, defendant should be allowed access to those documents, which should be reasonably expected to contain such facts, and such an inquiry should not be circumscribed by strict time limitations (See: 4 Moore, Federal Practice, supra, at page 2461; and Caplin v. United Features Syndicate, Inc., D.C., 8 F.R.D. 424). It is the opinion of the Court that the income tax returns, monthly bank statements with supporting cancelled checks, and books of account, records and invoices of each of the third party defendants (as more particularly described in paragraphs 1, 2, 3, 5, 6 and 7 of the motion for production) from the years 1951 to 1956 are within the legitimate scope of inquiry on the issues framed by the pleadings in this case.

Third party defendants having raised no legally sufficient grounds for their respective objections to the motion for production, defendant's motion for production will be granted as to each particular contained therein.

It Is, Therefore, Ordered that the objection of third party defendants to defendant's motion for the production of the documents particularly described in said motion, be, and it is, overruled;

And It Is Further Ordered that the third party defendants, Hyrum Jensen (also plaintiff herein) and Harold Dee Jensen, be, and they are hereby directed to produce for defendant's inspection, examination and/or copying, each and every document sought by each paragraph of defendant's motion for production of documents; but as to any such documents which were not in existence at the time defendant's motion for production was filed, the third party defendants may satisfy the requirements of this portion of this order by filing a written statement under oath to that effect.