**FINANCIAL BUILDING CONSULT-ANTS, INC., Plaintiff,**

v.

**AMERICAN DRUGGISTS INSURANCE CO. and Northeast Interior Systems, Inc., Defendants.**

**Civ. A. No. C79–625A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 8, 1981.

**60**

---

David H. Flint, Atlanta, Ga., for plaintiff.

J. Larry Palmer, Lithia Springs, Ga., David E. Allman, Atlanta, Ga., for defendants.

### ORDER OF COURT

HORACE T. WARD, District Judge.

Two motions made by the defendants which relate to discovery in the above-captioned case are pending before the court. One is a motion to compel discovery and the other a motion to extend the discovery period. The court notes at the outset that defendants' motion to compel fails to comply with Local Rule 91.6, which describes the format to be followed in motions to compel discovery. Because of the court's delay in reaching this motion, however, and the impending trial date, reformulation will not be ordered.

Several discovery disputes appear in the motion and in the opposition thereto. Some of the documents requested have apparently been produced voluntarily, although there was evidently some dispute as to the scope of this uncompelled disclosure; the court will address all requests for production of documents and other discovery requests as if none had heretofore been produced. The format to be followed in this order will track that of the list of requested documents submitted by defendants to plaintiff's counsel on February 5, 1981.

The first dispute concerns the discoverability of original and as-built drawings, plans, and specifications for the building project involved in this action. As the subcontracts between plaintiff and defendant Northeast Interior Systems, Inc. were based upon the original plans, and since some of Northeast's defenses involve changes made in the originals which are reflected in the as-built plans, these documents are clearly relevant and will be discoverable. The motion to compel is accordingly granted as to requests 1 and 2.

Requests 3, 4, and 5 seek copies of change orders issued by the First National Bank of Jefferson City, Tennessee, to the plaintiff and correspondence pertaining thereto, and copies of change orders and correspondence pertaining to them issued by plaintiff to its subcontractors in connection with the work on the building at issue in this lawsuit. This information, too, is relevant to defenses asserted by the defendants and should be provided by the plaintiff. The motion to compel will therefore be granted as to items 3, 4, and 5 on the list submitted February 5, 1981.

Requests 6 and 7 seek correspondence between plaintiff and the Bank, any engineer, or any architect concerning the building's collapse. Defendant American has alleged in its motion that the building

collapsed due to plaintiff's negligent design, and that the damages which form the basis of this lawsuit would not have occurred or would at least have been mitigated had this negligence not taken place. The requests are thus relevant. Subject to the protections of the attorney-client and work product privileges, the motion to compel will be granted as to requests 6 and 7.

■ Request 8 seeks job schedules for the project and correspondence pertaining thereto. As the defenses asserted involve delays in completing the project, this information is relevant as well, and the motion to compel will be granted as to request number 8.

■ Requests 9 and 10 seek documents pertaining to negotiations between plaintiff and defendant Northeast and estimates prepared by plaintiff on the three subcontracts which it entered into with Northeast. While this information appears only marginally relevant, it cannot be said that it is not likely to lead to the discovery of admissible evidence and the motion to compel will therefore be granted as to those requests subject to the restrictions on discovery imposed by any applicable privileges.

Request number 11 seeks logs and daily reports maintained by the plaintiff which concern the project. These are clearly relevant, as they may shed light on culpability for the delays incurred.

■ Request number 12, which seeks reports or correspondence between the firm' of Crouch and Adams and the plaintiff or the bank, is relevant since Crouch and Adams supervised the project following the building's collapse. As with request number 11, the reports and correspondence sought may be illustrative of the merits of various defenses raised, and the motion to compel compliance with request number 12 will be granted for that reason.

Request number 13 asks for a copy of the contract between plaintiff and the bank. This is relevant and will be permitted.

■ Request number 14 is strongly objected to by plaintiff as invasive of the attorney-client and work product privileges. It seeks correspondence between plaintiff and various insurance carriers which relates to the building's collapse. It is asserted by plaintiff that the information sought was prepared in anticipation of litigation, not only for this lawsuit but also for another directly involving the roof collapse. An affidavit has been submitted in support of this contention, and the motion to compel production of the documents sought in request number 14 will be granted only insofar as it seeks information which is not protected work product, and otherwise it will be denied.

■ Requests 15 through 18 seek documents relevant to the issue of damages claimed, and the motion to compel will be granted with regard to those requests. Requests 19 and 20 seek itemizations of the types and costs of work which plaintiff claims was necessitated by defendant Northeast's breach of contract. This is directly pertinent to a material issue of fact in the case, and the motion to compel responses to both requests will be granted.

■ It will be noted that in ruling on the above discovery requests the court has taken a generous view of relevance. In doing so it does not rule that all of the documents involved in defendants' requests will be admissible at trial over an objection that they are irrelevant. Rather, it is the court's view that what is relevant during pretrial discovery and what is admissible during trial are two different things, the former being broader than the latter. *See, e. g., Jensen v. Boston Insurance Company,* 20 F.R.D. 619 (N.D.Cal.1957); 4 *Moore's Federal Practice* ¶ 26.58 n.2; 8 *Wright & Miller, Federal Practice and Procedure* §§ 2008–09. Contrary to plaintiff's contention, discovery need not be limited to issues raised in the pleadings; this is true because of the limitations imposed by the practice of notice pleading embodied in the Federal Rules of Civil Procedure. *See* 4 *Moore's Federal Practice* ¶ 26.56[1] nn.17–23 and accompanying text.

■ The plaintiff contends that much of the requested documentation is not subject to disclosure since no proper Rule 34 request for it was ever made. The materials were requested, however, albeit informally,

in a letter from defense counsel to plaintiff's counsel on February 5, 1981, as suggested by the court. Defendants' motion to extend the discovery time indicates that no notice was received of a prior extension of discovery time on October 6, 1980, which caused the defendants to fail to pursue discovery while the period was still running. Thus, although the February 5 request was actually made after the expiration of the discovery period, in the interest of expediting this litigation the plaintiff will be ordered to produce the documents mentioned above.

As to the request by defendants to further extend the discovery period, the court will permit a two-week extension, effective the date this order is entered.

In summary, the defendants' motion to compel discovery is GRANTED in part and DENIED in part. Plaintiff is DIRECTED to provide the documents referred to above to the defendants within ten (10) days of the entry of this order. Defendants' motion to extend the discovery period is GRANTED in part and DENIED in part, the discovery period being extended through June 22, 1981.

SO ORDERED, this 8th day of June, 1981.