BORDONARO BROS. THEATRES, Inc., v.
LOEW'S, Inc., et al.

Civil Action No. 3052.

District Court, W. D. New York.

May 2, 1947.

William A. Gray, Edwin P. Rome, Francis T. Anderson, all of Philadelphia, Pa., and Hornburg, Andrews & Wade, of Olean, N. Y., for plaintiff.

Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Loew's, Inc., and Paramount Pictures, Inc.

Sidney B. Pleifer, of Buffalo, N. Y., and Dwight, Harris, Koegel & Caskey, of New York City, for Twentieth Century Fox Film Corp.

Sidney B. Pfeifer, of Buffalo, N. Y., and Radio-Keith-Orpheum Corp. and RKO Radio Pictures, Inc.

Kimball, Smith, Miller & Murphy, by Clayton M. Smith, all of Buffalo, N. Y., for defendants Warner Bros. Pictures, Inc., Vitagraph, Inc., and Warner Bros. Circuit Management Corp.

O'Brien, Driscoll & Raftery, of New York City, for defendants United Artists Corp. and Universal Pictures Co., Inc.

KNIGHT, District Judge.

This action is brought under Sections 4 and 16 of the Act of Congress of October 15, 1914, as amended and supplemented, 15 U.S.C.A. §§ 15, 26, commonly known as the Clayton Act, and Sections 1 and 2 of the Act of Congress of July 2, 1890, 15 U.S.C.A. §§ 1, 2, commonly known as the Sherman Anti-Trust Act, and the Act of Congress of June 19, 1936, 15 U.S.C.A. § 13, commonly known as the Robinson-Patman Act.

Plaintiff claims that it suffered loss and damages in the amount of $163,000, and it asks a preliminary injunction, and, also, until hearing on a perpetual injunction thereafter, an injunction enjoining the defendants from enforcing any contracts having the effect of preventing plaintiff from obtaining a fair proportion of first class feature motion pictures for exhibition on first run in the "Palace" theater, and that the defendants be ordered to pay treble damages and the costs of this action.

The plaintiff has propounded interrogatories to the defendants. Objections have been made to certain of these, and the question for consideration is the merit of these objections.

In material respects the complaint alleges that plaintiff is a corporation and since 1930 has leased and operated the "Palace" motion picture theatre in Olean, New York, which is fully equipped to exhibit first class motion pictures on first run; that since 1930 it has been unable to obtain fair and adequate supply of first class feature motion pictures for first run for this theatre because of the wrongful acts of defendants; that the motion picture business consists of production or manufacture of features, distribution or licensing and exhibition pictures and it, in all of its phases, constitutes part of interstate commerce.

It is alleged that certain of these defendants, either directly or through subsidiaries produce, distribute and exhibit motion pictures; that one defendant produces and distributes motion pictures; one produces motion pictures; certain others distribute, and two of the defendants distribute and exhibit motion pictures. The suit has been discontinued as against the defendant Big U. Film Exchange, Inc.

It is further alleged that defendants produce or distribute more than 90% of the first class motion pictures produced in the United States; that no picture exhibitor can successfully operate without being supplied with pictures produced by the defendants; that defendants Paramount, Loew's, Radio-Keith, Warner Bros. Pictures, Inc., and Twentieth Century own or lease, and operate, a large number of motion picture theatres, including first-run feature motion picture theatres in various parts of the United States, and in a large number of said theatres said defendants exhibit their own productions and pictures produced and licensed by other defendants; that in a large number of cities throughout the United States all first-run feature motion picture theatres are owned or leased and operated by one of the five defendants last-named with the result that one of such defendants is enabled to monopolize the first-run exhibition business; that monopolization of the motion picture business inures to the benefit of all defendants in that the monopolization by one defendant inures to the benefit of all.

It is further alleged that there are three motion picture theatres in the city of Olean: the "Palace," "Haven" and "State"; that the "Palace" is the largest, and that both the "Palace" and "Haven" are suitable for use in first-run exhibition, but that the "Palace" is superior to the "Haven" in material respects; that prior to 1930 none of the defendants was engaged in exhibition of motion pictures in Olean and during that period the "Palace," "Haven" and "State" were owned by independent exhibitors and then there was leased to each a substantial and fair portion of first class feature pro-

ductions; that in 1930 Warner Bros. Pictures Inc. leased or sub-leased the "Haven" and "State" theatres and at numerous times it attempted to obtain control of plaintiff's theatre; that the intent of Warner Bros. Pictures, Inc., is to control all moving picture theatres in the city of Olean; that since 1930 the "Haven" theatre has been run as a first-run feature motion picture theatre in competition with plaintiff's theatre; that on acquisition of the "Haven" and "State" theatres in 1930, all defendants, except Paramount Pictures, changed their established policy and practice of licensing pictures and refused to license any first class feature pictures for the "Palace" for the season beginning September 1, 1930, and ending August 31, 1931, but licensed all such pictures to Warner Bros. Pictures, Inc., or to its wholly owned subsidiary corporations, for exhibition at the "Haven"; that each of these defendants knew that all the other defendants were licensing all the first class feature pictures to Warner Bros. Pictures, Inc.; that the defendants conspired among themselves to prevent plaintiff from obtaining a sufficient supply for successful operation and thus to suppress competition and to compel plaintiff to withdraw from the competitive field;

That beginning in 1931 Paramount Pictures, Inc., joined with above-named defendants to conspire, refused to license productions to plaintiff and began licensing all pictures for exhibition at the "Haven," and in 1931–32 licensed all of its first-class feature pictures to Warner Bros. Pictures, Inc.,; that at various times since 1930, Loew's, Twentieth Century-Fox Film Corporation and Universal Corporation withdrew from said combination and licensed to plaintiff some or all of their productions; and that afterwards they resumed at least in part membership in the conspiracy with the other defendants and for a long time prior to this suit they have licensed one-half of their productions to the "Palace" theatre, but that these three corporations have discriminated against the plaintiff in different ways; that since 1930 to the present time defendants have been requested by plaintiff to lease a fair and proper portion of pictures to it and this request has been refused by Radio-Keith, United Artists and Warner Bros. Pictures Inc., and since 1930–31 has been refused by Paramount and allowed only limited amount by Loew's, Twentieth Century, Universal; that Warner Bros. Pictures. Inc., has inadequate facilities at the "Haven" to exhibit first-run pictures and has exhibited these at times at the "State" theatre, which is unsuitable and inadequate.

Objections have been made by Warner Bros. to interrogatories Nos. 4, 5, 6, 7, 8, 9, 15 and 16. Paramount, Loew's, Fox, RKO and United Artists object to the same interrogatories under different numbering and except that their interrogatories Nos. 13 and 14 are counterparts of Nos. 15 and 16 rather than identical. Universal objects to Nos. 15 and 16 under different numbering.

Interrogatories Nos. 8 and 9, directed to Warner and the corresponding interrogatories directed to the other defendants, have been withdrawn. Interrogatories Nos. 13 and 14 as directed to Warner and the same interrogatories as directed to the other defendants and the counterparts of interrogatories Nos. 15 and 16 have been amended, and as amended it is understood the objections to these have been withdrawn. This leaves for consideration only interrogatories Nos. 4, 5, 6, and 7.

Various grounds for the objections are given, but it is deemed necessary, however, to consider only the relevancy of the interrogatories and the effect of any burden in answering placed upon the defendants.

Interrogatory No. 4, as directed to Warner, asks the defendant to state whether a tabulation of theatre holdings as attached to the interrogatories is correct in so far as it purports to show the number and location of all motion picture theatres in the United States in which the defendant, or any subsidiary corporation, separately owns a stock interest of 50% or more, a stock interest of less than 50%, and also asks defendant to state all theatres in which this defendant and one or more of the other defendants or affiliates are jointly interested as co-owners. Interrogatory No. 5, as directed to Warner, asks that defendant state wherein the tabulation is incorrect, if its

answer to interrogatory No. 4 be in the negative. Interrogatory No. 6 as directed to Warner, asks the defendant to eliminate the cities wherein its theatres are other than first-run. Interrogatory No. 7 asks the defendant to state what cities where it owns an interest in first-run theatres it does not receive competition from an independent exhibitor.

Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides for service of, and objections to interrogatories, is to be read in connection with Rule 26(a) and (b). Rule 26(b) provides that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *." The scope of discovery by interrogatories is broad, and the interrogatories herein are to be examined with this in mind.

The gravamen of the complaint is the violation of the aforesaid statutes as respects a single theatre, the "Palace," in Olean, New York. There is no allegation that a nation-wide monopolization exists or that the defendants are engaged in any conspiracy as respects any other location. The most that can be said for the allegations as to the operation of the defendants in locations other than Olean is that they assert that the defendants have the power to monopolize; not that they do monopolize. The mere allegation that the defendants own theatres in various locations and that they are "enabled" to monopolize first-run pictures is insufficient. "Enabled" as defined by Webster means the ability to do; not the doing. Assumedly if the complaint alleged conspiracy in various cities, including Olean, proof of acts going to show conspiracy in other locations would be competent and relevant. No warrant is found for the statement of the plaintiff that "plaintiff's theory, as averred, is that defendants have agreed and conspired to stifle competition by outsiders in the exhibition phase of the motion picture business by arranging as far as possible throughout the United States to exhibit all the pictures produced by the whole group in a theatre or theatres owned by one of the members of the group * * *." The precise ques-

tion in this connection was considered in Byers Theaters v. Murphy, D.C., 1 F.R.D. 286, 288, and Ball v. Paramount Pictures, Inc., et al., D.C., 4 F.R.D. 194, 195. Each was an anti-trust action. The first named case involved theatres in two towns. The court said: "I think that the transactions of defendants, or some of them, in other towns are irrelevant, similarity of conditions and circumstances not being shown to exist." In the instant suit there is no allegation as respects "similarity of conditions and circumstances" other than a single city. The Ball case was concerned with a single theatre. The interrogatories there propounded are definitely comparable with interrogatories Nos. 4, 5, 6, and 7, supra. There the court said: "As to interrogatories 8, * * * relating to the operations of these defendants all over the United States, and to the financial details of such operations, we cannot see that the matters inquired about are material to any possible issue in this case. We are concerned here only with questions of whether or not plaintiff, as the owner of the Penn Theatre building, is not entitled to the first run of motion-picture films * * *."

While it is not believed that under this Complaint the answers sought to interrogatories Nos. 4 and 5 are relevant to show monopolization by the defendants in other locations, it is believed that they are relevant as related to the particular one in question here. It is not seen that the furnishing of the data asked will entail any undue burden on any of the defendants in view of the apparent fact that the defendants by reason of various litigations involving them have the data largely at hand and further because the answer involves the checking of the list appended to the interrogatories. The plaintiff cites United States v. Paramount et al., D.C., 66 F.Supp. 323, to show the availability of the material necessary for answering these interrogatories and it does appear from the opinion in that case that the answers to these as to certain of these defendants largely appear. The Paramount case, supra, is not an authority for the admission of evidence of violations of the anti-trust statutes in locations other than the particular one specified in the complaint

herein. That suit involved the issue of the monopolization of the theatre business in certain respects throughout the United States. For the reason stated interrogatories Nos. 4 and 5 are allowed.

As to interrogatories Nos. 6 and 7 a different situation is disclosed. As asserted with respect to interrogatories 4 and 5 it is not believed that the answers sought would be relevant since the inquiry relates to locations other than the particular one in suit. Proof that defendant owned an interest in theatres in cities where there are no first-run theatres and proof that as to whether defendant has any competition in its first-run theatre from and independent exhibitor are irrelevant. There are other reasons why answers should not be required. We see no reason why the information sought is not as available to the plaintiff as to these defendants, and it imposes an unnecessary burden upon the defendants. It does not appear that any comparable list has been heretofore submitted in prior litigation as in the case of interrogatories 4 and 5. The objections to interrogatories 6 and 7 are accordingly sustained.

An order may be entered accordingly.