## COOK PAINT & VARNISH CO. v. COOK CHEMICAL CO.

No. 4911.

District Court, W. D. Missouri, W. D.

March 22, 1948.

Caldwell, Downing, Noble & Garrity, R. B. Caldwell, Scott R. Timmons, and Robert S. Eastin, all of Kansas City, Mo., for plaintiff.

REEVES, District Judge.

After filing its suit the plaintiff, under Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c, submitted fifteen interrogatories to the defendant. The defendant has filed objections to those numbered 3, 4, 5, 6, 7, 8, 9 and 15. The grounds of the objections to each interrogatory are practically the same. The interrogatories, moreover, are of similar trend and effect. One is illustrative of all the others. Interrogatory No. 3 is as follows:

"During the last year of the existence of such partnership, what were its gross sales of insecticides in dollars, and how were these sales divided as between industrial and other large users and sales for eventual resale to retail consumers?"

And No. 15 is as follows:

"What are the names and addresses of the wholesalers, jobbers, distributors, chain stores and other principal customers to whom defendant sold insecticides and weed killers during 1945, 1946 and 1947 for resale, directly or indirectly, at retail to the general public?"

Between these two interrogatories were the others to which objections have been made and all of which call for statistics as to the amount of sales made by the defendants over a period of years mentioned in the petition or complaint.

The action is one in equity for alleged unfair trade practices.

In substance the plaintiff says that over a period of years it has transacted an extensive business in the manufacture and sale of paints, varnishes, lacquers and other related chemical products and that its name and trademark has become well known, useful and profitable under the name of "Cooks," "Cook" and "Cook's Products" as well as similar appellations, such as "Cook's Paints" and it further charged that through the years covered by the complaint the defendant has employed such trade names or those of such similitude as to be in substance idem sonans and such as would deceive customers and patrons of the plaintiff. The complaint, moreover, sets forth in detail the amounts of its sales within the years mentioned and the expenditures made in advertising in order to bring about such sales. The plaintiff asks for an injunction against the defendant forbidding the use or employment of such advertising as would unfairly mimic plaintiff's advertising matter and confuse the public with respect to the products advertised. By its interrogatories the plaintiff asks for much of the identical information on the part of the defendant's business that it has set forth in its complaint relative to its own business. It is true that it asks for information relative to the persons to whom sales were made, and furthermore, that a distribution or classification be made of the various products as well as a classification of the customers to whom such sales were made in respect to their business.

As indicated, the defendant objects and assigns its reason for its objection that the plaintiff is seeking to pry into the internal business affairs of the defendant corpora-

tion, thus and thereby violating its privileges and exposing its trade secrets.

1. The business of the two litigants, as disclosed by the pleadings, is such that neither one would be benefited by the information supplied by the other nor would such information be prejudicial to either of said litigants if the other possessed full information. They are not engaged in selling the same products nor are they competitors.

■ 2. Rules 26, 33, and 34 of the New Rules of Civil Procedure in the Federal Courts are closely related and are designed to achieve or accomplish an identical purpose, and, that is, discovery of facts.

Rule 33, as amended, is but declaratory of the more authoritative and more acceptable pronouncements made by the courts before such amendment. It is provided by Rule 33, as amended, that interrogatories may relate to any matter which can be inquired into under Rule 26(b) and the answers may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party.

Adverting to Rule 26, it is to be noted that it is provided:

"(b) * * * Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b) as amended.

3. In the case of Bordonaro Bros. Theatres v. Loew's Inc., D.C., 7 F.R.D. 210, loc. cit. 213, District Judge Knight of the W. D. of New York said:

"Rule 33 of the Federal Rules of Civil Procedure * * * which provides for service of, and objections to interroga-

tories, is to be read in connection with Rule 26(a) and (b). * * * The scope of discovery by interrogatories is broad, and the interrogatories herein are to be examined with this in mind."

In Hoffman v. Palmer, 2 Cir., 129 F.2d 976, loc. cit. 997, the court said:

"At any rate, the old 'fixed principle' of keeping the opponent in the dark as to the tenor of the evidence in one's possession is now out of date."

In the well-reasoned case of Hickman v. Taylor, 153 F.2d 212, the Court of Appeals, 3rd Circuit, six circuit judges sitting, it was said (loc. cit. 217):

"We must start any discussion of the use of discovery in a particular case from the premise that the Rules are intended to go far in making information known by one party available to the other."

The court then illustrated its point by saying:

"Suppose the plaintiff needs the information contained in an operating report of a particular department of a defendant employer for a particular day. Such document, we take it, could be called for as a matter of course under the Rules."

The court then appended a long list of cases illustrating the extent to which the records in the files of a business organization have been thrown open to an adversary's inspection. It is true that in the Hickman case the court declined to approve the right of counsel to compel his adversary to produce his own files and collate data for his inspection and use. The court was careful to say that it was not a privilege but simply contrary to public policy to invade the files of a lawyer whose devotion and undivided loyalty was due his client. The Hickman case was affirmed by the Supreme Court: 329 U.S. 495, 67 S.Ct. 385. The seventh syllabi epitomizes the doctrine announced by the latter court:

"The general policy against invading the privacy of an attorney's course of preparation is so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order."

Again (329 U.S. loc. cit. 513, 67 S.Ct. 394) the court said:

"Denial of production of this nature does not mean that any material, non-privileged facts can be hidden from the petitioner in this case. * * * Searching interrogatories directed to * * * the tug owners, production of written documents and statements upon a proper showing and direct interviews with the witnesses themselves all serve to reveal the facts * * * to the fullest possible extent consistent with public policy."

In view of these authorities it is obvious that the New Rules of Civil Procedure contemplate the fullest disclosure of facts by the parties. Moreover, the data asked for by the plaintiff would be useful in supporting its averments that the defendant has prospered by its alleged invasion of the plaintiff's rights in what it is pleased to term, and what is recognized in law, as unfair trade practices.

The objections to interrogatories will be overruled and the defendant is directed to answer said interrogatories.