**Q-TIPS, Inc.**

v.

**"Q" PRODUCTS CORP.**

United States District Court
S. D. New York.

Sept. 28, 1953.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for applicant-petitioner.

Adams, Forward & McLean, New York City, for registrant-respondent.

NOONAN, District Judge.

This is a motion brought by the registrant-respondent in a cancellation proceeding now pending in the United States Patent Office to quash a subpoena duces tecum issued at the request of the applicant-petitioner.

In the course of the proceeding before the Examiner of Interferences in charge of the cancellation action, the applicant-petitioner filed interrogatories seeking certain information. The registrant-respondent filed an objection to one of the interrogatories, this objection was sustained, and the registrant-respondent was relieved from responding to this interrogatory.

Subsequently, the Examiner enlarged on his opinion and stated that his previous decision would be adhered to; and on a request for reconsideration, the Examiner denied the request, again enlarging on his opinion.

Following these three rulings that the information sought need not be supplied, the applicant-petitioner has attempted to get substantially the same information by having a subpoena duces tecum issued under the authority of 35 U.S.C. § 24.

This presents us with two separate questions; namely, are we bound by the rulings of the Examiner, and, if not, is the applicant-petitioner entitled to this information?

In his memorandum in support of the motion to quash the subpoena duces tecum, the registrant-respondent alleges that the previous rulings of the Examiner on the matter constitute the

law of the case, and hence are binding upon this court. We do not agree with this contention, nor can we find any authority that does.

The movant seeks to quash the subpoena duces tecum on the ground that the evidence sought thereby is:

1.  irrelevant and immaterial, and

2.  privileged and confidential business information.

In its answer to the cancellation action the movant denied that the mark used by them is confusingly similar to that used by the applicant-petitioner and in fact affirmatively averred that the movant's mark "does not cause and is not likely to cause confusion, mistake or deception among purchasers * * *". Movant also urged laches as a separate and complete defense, alleging that applicant-petitioner stood by and permitted movant's business to expand to its present considerable size. It is therefore, obvious that the elements of confusion and size are relevant and material to the action.

■ Accordingly the applicant-petitioner should be allowed to inquire into details of the movant's business insofar as they might reasonably be conceived to lead to the discovery of admissible evidence.

The Examiner has stated that the answers to interrogatories are "incompetent as evidence on behalf of the party filing the same." Without regard to the evidentiary value sustained by such answers themselves, it seems apparent that they may well lead to competent evidence that could rebut proof that the movant might offer. The answers may also be necessary to the discovery of competent evidence bearing on the question of damages as required to be shown in any cancellation action. 15 U.S.C.A. § 1064.

■ As to the issue of privilege, we do not believe that the furnishing of the information requested would prejudice the movant's business or offer any unfair advantage to the applicant-petition-

er. The parties are not competitors and we do not believe that the information is privileged. Cook Paint & Varnish Co. v. Cook Chemical Co., D.C., 8 F.R.D. 93.

The motion to quash is denied.