**GUMBINER THEATRICAL ENTER-PRISES, Inc., Plaintiff,**

v.

**NATIONAL THEATRES CORPORA-TION, Defendant.**

**Civ. A. No. 12074.**

United States District Court,
E. D. New York.

Nov. 19, 1954.

See also, 106 F.Supp. 489.

Corcoran & Kostelanetz, New York City, for plaintiff, Francis J. Mulderig, New York City, of counsel.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant, Frederick W. R. Pride, Charles F. Young, Stanley Godofsky, New York City, of counsel.

GALSTON, District Judge.

The defendant, by motion, seeks to limit the information requested in interrogatories propounded to the defendant, to activities in the States of California and New York, and to limit the period of time covered to the date of filing the complaint herein, and to have eliminated and stricken interrogatories 2(i), 2(j) and 3, 9 and 10.

This action is brought under the anti-trust laws, and the cor 'aint

was filed in this court on September 5, 1951. In its answer the defendant pleaded the statutes of limitations of the States of New York and of California as a complete bar to the claim asserted. On July 2, 1953 the plaintiff moved for a separate trial of the issue of the statute of limitations. The defendant consented to the motion for a separate trial on the statute of limitations.

The determination of the issue of the statute of limitations should be restricted to the activities within the States of New York and California, and insofar as the interrogatories are directed to activities outside those states, the objections must be sustained. Such references as Ball v. Paramount Pictures, D.C., 4 F. R.D. 194; Savannah Theatre Co. v. Lucas & Jenkins, D.C., 10 F.R.D. 461, and Bordonaro Bros. Theatres v. Loew's, D.C., 7 F.R.D. 210, are pertinent.

That was my view on the oral arguments of this motion; and the reading of the papers does not change that opinion. I believe also that the information sought in the interrogatories should be limited to matters prior to and up to September 5, 1951, when the action was commenced in this court. See Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co., D.C., 2 F.R.D. 197.

As to specific objections: interrogatory 2, subdivisions (i) and (j) relate to the income and expenses of the defendant. I cannot see how these interrogatories bear on the issue of the statute of limitations, and the objections are therefore sustained. Sustaining the general objection requires also that the objection to interrogatory 3 must be sustained.

As to interrogatory 9, the information sought is certainly within the knowledge of the plaintiff. It must know when it informed any representative of the defendant that a law suit was to be instituted in California against the defendant. For the same reason the objection is sustained to interrogatory 10,

which relates to information of a projected law suit having been given to any representative of the defendant in New York.

Defendant's motion is granted. Settle order.